THOMAS HAMBERLAIN *vs.* PERCIVAL MARBLE et al.

Where the parties to a suit in chancery have claims against certain property, equally just, and the question which arises is, who is entitled to prior satisfaction in the event that the property is not sufficient to pay both, it is proper to appoint a receiver.

The interlocutory decree of the chancellor appointing such receiver will be sustained.

APPEAL from the superior court of chancery ; Hon. Stephen Cocke, chancellor.

The facts of the case are fully stated in the opinion of the court.

*Guion & Baine,* for appellant.

*C. C. Shackleford,* appellee, in person.

Mr. Justice FISHER delivered, the opinion of the court.

This is an appeal from an interlocutory decree of the chancellor, appointing a receiver on the application of C. C. Shackleford, one of the defendants.

The facts are briefly these : In January, 1842, Percival Marble, together with Jno. H. McDaniel as his security, executed his four notes to the trustees of section 16, township 16, range 5 east, in Warren county, for $1,640 each, payable one, two, three, and four years after date. To secure McDaniel as the security on these notes, P. & E. G. Marble, in April, 1842, executed to the complainant, as trustee, &c., a deed in trust, on certain land and slaves in Warren county, stipulating that E. G. Marble should retain possession of said property, and appropriate the proceeds to his own use, till default should be made in the payment of said notes.

It is alleged that McDaniel, the surety who was intended to be protected by the deed in trust has absconded, with his property, from the country, and the complainant, as trustee, prays to be subrogated, for the benefit of the trustees of the 16th sec-

tion, to McDaniel's rights in the trust. It is also alleged, that C. C. Shackleford recovered a judgment in the circuit court of Warren county against E. G. Marble, in 1844, and that there is a balance due on the same of about $700; that an execution upon the said judgment has been, by the sheriff of Warren county, levied upon one of the slaves named in the trust, and will be sold by said sheriff unless restrained.

Shackleford, in his answer, sets up that the trust was made to hinder, delay, and defraud the creditors of E. G. Marble, and that the trustees of the township, who are the parties to be benefitted by the decree, if the complainant shall recover, have a lien on the 16th section, to secure the payment of said notes.

The complainant urges, that the trust property will not be sufficient to satisfy the notes due to the school section; and upon this allegation in his bill, Shackleford and the sheriff were enjoined from proceeding under the judgment and execution levied on the slave in the trust. In this attitude of the case, Shackleford made a motion in the court below to appoint a receiver to take possession of the trust property, as well as the 16th section; the motion being sustained, and the receiver appointed, the complainant prosecuted an appeal to this court.

The bill itself makes a proper case for a receiver. It shows that the property will not be more than sufficient to satisfy the notes due to the trustees of the school section. It at the same time shows, that Shackleford has a judgment against the party who holds the trust property in possession, which certainly will be entitled to whatever surplus there may be, after satisfying the complainant's claims. The case then stands thus: The claims of the complainant, and the judgment of Shackleford, as against E. G. Marble, must be regarded as equally just, and the question is, Who is entitled to prior satisfaction of his debts, in the event of Marble's inability to pay all? This is the only question really at issue: Who shall be first paid?

Shackleford, by his motion to appoint a receiver, manifested a disposition to have the income of the property preserved, pending litigation, and applied to the payment of the trust debt. By doing this the complainant is not injured, and the chances for payment of the judgment are increased. The appointment

of a receiver is but aiding the complainant to accomplish the very object he seeks by his bill, to wit, using the trust property to pay his debt; and it must be immaterial to him, whether the means for this purpose are produced by a sale of the property, or by the income, so that he is not delayed. It cannot be said that he is delayed in having a sale of the property, because he has made the question himself, whether he has a right to sell for the purpose of paying the notes held by the trustees of the 16th section, and his right to sell must depend upon the decree of the chancellor, subrogating him to the rights of McDaniel, in the deed in trust. Pending litigation, interest is accumulating upon the debts of both creditors, and the property may not be increasing in value. Equity would, therefore, say that the fund should be kept sufficient, if possible, to pay the debts; and the appointment of a receiver is the usual course adopted for this purpose.

It is difficult to arrive at the complainant's motive for resisting this appointment. We have seen that it does not delay a sale under the trust, or a trial of the cause. In no event can he sustain an injury by the appointment, because it cannot lessen, but must increase the means of paying the trust debt. We cannot regard the appeal otherwise than frivolous.

Decree affirmed.