Anderson, J.,
delivered the opinion of the court.
This is a branch of the case of Moran v. Brent & als., decided at the March term 1874 of this court. It is an appeal from an order made in that cause, after the decree was pronounced from which the appeal is taken, and pending the appeal, to put the real estate, which was sought to be subjected to the payment of the appellant’s debts, into the hands of a receiver, to be by him rented out, until the rights of the parties in respect to that subject were determined.
A receiver may be appointed, though not prayed by the bill, if the circumstances of the case require it; and the application may be granted after decree, if a state of facts entitling the party to a receiver appears upon the proceedings in the cause. 2 Danl. Ch. Plead. & Prac. 1784. And it being grantable after decree, the pend-ency of an appeal from the decree is no reason why the application should not be granted, when it does not conflict, but is entirely compatible, with the grounds on which the appeal was allowed. In this case, the appeal was allowed upon the ground that the sale of the property, upon which there were various creditor liens, was decreed before the amounts and priority of those various liens were ascertained; and upon that ground the decree was reversed by this court. If the execution of the decree for the sale had not been prevented by the appeal, there would have been no necessity for a receiver. So far from the application, after the appeal was allowed, to put the property into the hands of a receiver to be rented out, being repugnant to the appeal, it was made necessary by the appeal, and could only be granted by the court of original jurisdiction. “The original papers remain in the Circuit court after an appeal, and there is *110 no difficulty in reinstating the case on the docket when a petition for rehearing is filed;” which may be done while the appeal is pending, and does not involve the dismission of the appeal. Both may proceed cotemporaneously. And if there should be an ’ appeal from the decree upon the rehearing, both appeals may be depending at the same time. James Riv. & Kan. Co. v. Littlejohn &c., 18 Gratt. 53, 71, Joynes, J. Though after a final decree, and appeal therefrom to the appellate tribunal, the cause may be no longer pending in the court of original jurisdiction, it may n certain cases be brought up and restored to the docket, upon a petition for rehearing, pending an appeal; a fortiori it may, upon a petition for the appointment of a receiver, to preserve the fund, pending the litigation, which does not involve any matters litigated by the appeal. In Spring & als. v. The South Carolina Insurance Company, 6 Wheat. R. 519, it was held, as stated by the reporter, that in an equity case, the res in litigation may be sold by order of the Circuit court, and the proceeds invested in stocks, notwithstanding the pending of an appeal.
But it is assigned as error in this case, that the receiver was not required to give security. Mr. Daniel in his work uon Pleading and Practice says: “A person to be appointed receiver must, unless otherwise ordered, first give security, to be allowed by the judge to whose court the cause is attached, duly to account for what he shall receive, on account of the rents and profits for the receipt of which he is appointed, at such periods as the judge shall appoint, and to account for and pay the same as the court shall direct.” By the decree or order in this case James M. Stewart, the city sergeant of Alexandria, is appointed receiver, with power to rent out the said premises, and to collect the *111 rents and profits thereof, until the further order of the court, and he is required to account for, and to report to the court the money he may receive, and how he has disposed of the same, &c. The sergeant of the city being appointed the receiver in this case, that requirement may be regarded as having been complied with, as it is provided by § 5, ch. 174, of the Code of 1873, p. 1124, that “any sheriff, sergeant, or other officer, receiving money under any order or decree, shall pay the same as the court may order; and if he fail so to do, he and the sureties in his official bond shall be liable therefor.” The court is of opinion that it was a proper case for the appointment of a receiver, 2 Rob. (old) Prac. p. 385, citing Coles’ adm’r v. McRae, 6 Rand. 644; and that the decree ought to be affirmed, with -costs.
Decree aeeirmed.