## Richmond.

BRISTOW, TRUSTEE, v. HOME BUILDING COMPANY (PERPETUAL).

JANUARY 24, 1895.

1. CHANCERY PRACTICE—*Injunction—Appeal.*—An order which refuses to dissolve an injunction and to discharge a receiver, decides, in effect, that the property held by the receiver, is, for the present at least, in proper hands, and to this extent it adjudicates the principles of the case. From such order an appeal may be taken.

2. CHANCERY PRACTICE — *Injunction — Receiver—Notice—Appeal.*— Although notice should be given to the adverse party of an application for an injunction and the appointment of a receiver, except in cases of obvious necessity to prevent a failure of justice, yet, if upon a motion to dissolve the injunction and discharge the receiver, the court sustains its original order, this is equivalent to holding that, upon full notice and argument, the injunction ought to have been granted, and, on appeal, the decree awarding such injunction and appointing a receiver will not be reversed for the want of such notice in the first instance.

3. CHANCERY PRACTICE—*Insolvent Debtor—Lien—Receiver—Rents.*—A creditor having a lien on real estate of an insolvent debtor has the right, after his debt has become due, to have a receiver appointed to hold the rents of such real estate to supply any deficiencies which may exist after sale is made, and thus obtain a specific lien on such rents to pay such deficiency.

4. CHANCERY PRACTICE—*Insolvent Debtor—General Creditors' Bill—Separate Bills—Specific Lien.*—Although a general bill may be pending to administer all of the assets of an insolvent debtor, who has made an assignment of his effects, yet an individual creditor, holding a specific lien on a part of the property of such debtor, may, before the maturity of the general bill to which he is made a party, but not yet served, file his separate bill for the enforcement of his specific lien, and the latter bill may be treated as a petition in the general suit, or, which is more common in Virginia, the two causes may be heard together and the rights of all parties settled and adjudicated.

5. APPELLATE PROCEEDINGS—*Supersedeas—Receiver.*—A supersedeas is only

intended to stay further proceedings, and to leave matters in the condition it finds them until the appellate court can hear the case and pass on the questions involved in the appeal. If a receiver is in the possession of property at the time the supersedeas is awarded, he is not thereby removed. Either party may move in the lower court for the appointment of a receiver, pending the appeal; or, if there be a receiver, he may apply to the court appointing him for its guidance and direction.

Appeal from two decrees of the Circuit Court of the county of Henrico, one pronounced September 14, 1893, and the other December 9, 1893, in a suit in chancery wherein the Home Building Company (Perpetual) was the complainant, and the appellant and others were the defendants.

*Affirmed.*

The opinion states the case.

*Pollard & Sands* and *Bristow & Beveridge*, for the appellants.

*Preston & Leake* and *Meredith & Carter*, for the appellee.

HARRISON, J., delivered the opinion of the court.

George D. Gaines, of the city of Richmond, being the owner of lot No. 178 in the plan of Sidney, adjacent to the city of Richmond, in the county of Henrico, and desiring to improve the same, borrowed from the Home Building Company (Perpetual), the sum of twenty thousand dollars, for which he executed nine bonds, the first eight being each for the sum of $2,200, and the ninth for the sum of $2,400. Said lot 178 was divided into nine lots, and he executed nine separate deeds of trust, securing one of said bonds upon each of said lots. These several deeds were each dated October 6, 1892, and were all recorded on the 24th day of December, 1892, in the clerk's office of the County Court of Henrico county. The

money thus borrowed was used in paying off a balance of pur-
chase money due on said lot 178, and in erecting dwelling
houses thereon.    On the 22nd day of July, 1893, the said
George D. Gaines executed a general deed of assignment to
L. C. Bristow, as trustee, in which he sets forth that he is
largely indebted in sundry sums of money due, and to become
due; that he is unable to meet the demands of his creditors;
that a large amount of his indebtedness is secured by deeds
of trust and other liens on his real and personal estate; and
that he is unable to renew or meet said obligations.    He then
conveys to said L. C. Bristow, trustee, all of his property,
real and personal, consisting of a large amount of improved
and unimproved real estate situated in the city of Richmond,
and county of Henrico, Virginia, and elsewhere, and a large
personal estate of different kinds, to be held by said L. C.
Bristow, trustee, subject to the terms and provisions of the
trust.    Among other real estate conveyed in this deed is the
same property which was conveyed by deed dated October 6,
1892, to the trustees of the Home Building Company (Per-
petual), to secure to said company the $20,000, loaned by it to
said Gaines.    This general deed of trust, after securing first
a fee of $200, for services in preparing said deed and other
expenses attending its execution and recordation, including
five per cent commission to the trustee, secures the creditors
of said George D. Gaines, aggregating a very large amount,
in several classes.    Large powers are given the trustee in the
matter of selling, renting, and improving said property.    He
is empowered to take charge of all real estate, collect all rents,
and pay the same out under the terms and provisions of said
trust.    The $20,000, debt due the Home Building Company
(Perpetual) is secured in the second class, along with a large
number of other creditors.

As before stated, this deed was recorded on the 24th day of
July, 1893, and on the 25th day of July, 1893, Robert F.

Luck, Jr., J. L. Butler, and William S. Gunn, suing for themselves and all other creditors secured in said deed, filed their bill in the Circuit Court of Henrico, praying to have the trust created by said deed, administered under the orders and decrees of said Circuit Court, and asking that said Bristow, trustee, be required to give bond and security for the faithful discharge of his duties as such, and in default of his doing so, that an injunction be awarded restraining said Bristow from executing said trust, and that a receiver be appointed to take charge of the property conveyed in said deed.   To this bill the creditors of Gaines, including the said Home Building Company (Perpetual), L. C. Bristow, trustee, and others, were made parties defendants.   Upon the filing of this bill the court, on motion of the plaintiffs, entered an order requiring said L. C. Bristow, trustee, to enter into bond before the clerk of the Circuit Court of Henrico county, in the penalty of five thousand dollars with proper security, to be approved by said clerk, and restraining and enjoining said Bristow, trustee, from executing said deed until he should execute said bond.   In accordance with said order the bond was given on the 26th day of July, 1893.

On the 15th day of September, 1893, the Home Building Company (Perpetual) presented its bill to the judge of the Hustings Court of the city of Richmond, setting forth its prior deed of trust, securing $20,000, on lot 178, subdivided into nine lots, and evidenced by the nine deeds of trust already described, charging *that said debt was due;* that in accordance with the terms of the deed of trust securing it, they could now sell said property; that the debts secured in the Bristow deed of trust were all subsequent to their lien; and that the value of the property upon which said company held this prior deed of trust was not sufficient to pay said company and certain mechanic's liens resting thereon.   To this bill, L. C. Bristow,

trustee, George D. Gaines and the creditors of said Gaines are made parties defendants.

The prayer is that L. C. Bristow, trustee, his agents and attorneys, be enjoined and restrained from exercising any control over the property on which said company had a lien, and that they be enjoined from disposing of any rents already collected from said property, and that a receiver be appointed to take charge of this particular property, rent it out, and hold the rents until the further order of the court; that the liens on this property be ascertained, and the property sold and the proceeds applied to the payment of its liens, and for general relief. The judge of the Hustings Court granted the prayer of the bill, awarded the injunction asked for, and appointed E. A. Catlin as receiver to take charge of said property and collect the rents, requiring him to execute bond with approved security in the penalty of $1,000.

The said L. C. Bristow, trustee, filed his answer to this bill, and on the 9th day of December, 1893, by counsel, moved the Circuit Court of Henrico county, to dissolve the injunction granted as aforesaid, and discharge the receiver, Catlin, which motion the court overruled; and thereupon said L. C. Bristow, trustee, obtained from one of the judges of this court an appeal and supersedeas to said order refusing to dissolve said injunction, and to the order granting the same.

The first question presented for our consideration is whether or not the appeal in this case has been improvidently awarded, and should be dismissed. It is contended that the refusal of the court to dissolve the injunction appointing a receiver was an interlocutory decree, which did not settle the principles of the cause, and therefore no appeal lay from it. Both these causes were pending at rules, and neither had progressed far enough for the court to settle any of the conflicting rights of creditors; but the effect of the court's refusal to dissolve the injunction in the suit of the Home Building Company (Per-

petual) against L. C. Bristow, trustee, and others, was to decide that the property held by the receiver in that case was, for the present at least, in proper hands, and should not be under the control of L. C. Bristow, trustee, who had given bond in the first and main suit brought to administer the entire fund; and this being the question then in dispute between the parties, the order refusing to dissolve the injunction settled that impoitant question. In the case of the *Baltimore and Ohio R. Co.* v. *City of Wheeling*, 13 Gratt. 40, Judge Moncure, with whom all the court, on this point, concurred, says: "The refusal of the court to dissolve the injunction adjudicated the principles to this extent, that the injunction had not been improvidently awarded, and that as the cause then stood it ought to still be continued. It is therefore such an order as may be appealed from." As before stated, the important question which most concerned the parties to this controversy was, who was entitled to the possession and control of the particular property placed in the hands of the receiver in the Home Building Company suit, L. C. Bristow, trustee, or said receiver? This question was decided in favor of the receiver by the order refusing to dissolve the injunction, and we think this court has the power to entertain an appeal from that order, and to review the same.

Having then the right to review the action of the court below, we come next to consider, whether or not the injunction was improvidently awarded, and the appointment of a receiver improper, under the circumstances relied on in the suit in which that order was entered. It is contended, first, that it was error to grant the injunction and appoint a receiver without notice to the parties to be effected thereby. This court has repeatedly held that notice should be given to the adverse party in interest of an application to the court for an injunction and the appointment of a receiver, except in cases of the most obvious necessity for prompt action, and where the

ends of justice would be defeated by delay for the notice to be given.

It is unnecessary to multiply the well-nigh unanimous array of authorities in support of this well settled, and obviously wise, rule. The court is of opinion that the necessity did not exist for the action of the court, without notice to the adverse party in this case; but, inasmuch as the propriety of the court's action in granting the injunction and appointing the receiver has been considered and argued by both parties before the Circuit Court, upon the motion made there to dissolve said injunction and discharge the receiver, and the court has sustained the original order by refusing to dissolve the injunction, there can be nothing gained now by dismissing the proceeding for the want of notice, when the injunction was asked for. The action of the court in refusing to dissolve the injunction was equivalent to holding that, upon full notice and argument, the injunction ought to have been granted. 20 Amer. and English Encyclopædia of Law, pages 24-25, and note.

It is further contended that the judge of the Hustings Court of Richmond erred in granting the injunction and appointing the receiver, and that the Circuit Court of Henrico erred in overruling the motion to dissolve said injunction and discharge said receiver. These two assignments of error will be considered together.

The Home Building Company (Perpetual) had a specific lien of upwards of $20,000, on certain property belonging to Geo. D. Gaines. This company had certain prior and specified rights set forth in its deeds of trust securing this large debt. The said Geo. D. Gaines made a general assignment of all his property, real and personal, conveying also the property upon which the said Home Building Company (Perpetual) held its lien. It is charged in the bill asking for the injunction and appointment of a receiver, that the property covered by the deed of trust of said building company *was not sufficient in*

*value to pay the debt of the said Company.*    This charge is not
denied in the answer of L. C. Bristow, trustee, to said bill,
nor is it questioned in the argument of the case here.    As
already stated, some of his creditors had filed a bill in chan-
cery convening all the creditors of said Geo. D. Gaines, and
asking to have his general deed of trust administered under
the orders of the Circuit Court of Henrico.    Under said general
deed, the trustee was authorized to collect all the rents arising
from the real estate of said Gaines, including that upon which
the building company held its lien, and the first money real-
ized was dedicated to the payment of counsel fees, commissions
to the trustee, and a large number of creditors who were
secured prior to the said building company.    The Home
Building Company (Perpetual) was confronted with this con-
dition of affairs: A large debt of over $20,000, due from an
insolvent debtor; no security for it except a lien by deed of
trust upon a specific piece of real estate, *which was confessedly
insufficient to discharge it;* a trustee in a general deed of
assignment collecting the rents from the property upon which
it held its special lien, with power to appropriate said rent to
other purposes than the satisfaction of the company's debt, if
the company chose to stand by and let it be done.    It was im-
portant for said building company to promptly take the neces-
sary steps to have the rents arising from the property upon
which it held a lien, applied to the discharge of its debt.    The
suit of L. C. Bristow, trustee, had not yet matured.    It was
pending at rules.    The building company had not yet been
served with process as a party defendant, and it proceeded to
file a bill praying for an injunction, and asking to have a
receiver appointed to take charge of the property upon which
it held a lien, rent the same and collect the rents, and hold
them subject to the future order of the court.    On the 14th
day of September, 1893, an order was entered granting the
injunction, restraining L. C. Bristow, trustee, his agents or

attorneys, from disposing of the rents already collected by them from this property, and also from exercising any further control over said property, and appointing E. A. Catlin, a receiver to rent the houses and collect the rents, and to keep the money so collected until the further order of the court, as prayed for in the bill, and requiring said Catlin to enter into a bond and security as such receiver.

To this bill, L. C. Bristow, trustee, filed his answer, and on the 9th day of December, 1893, by counsel, moved the judge of the Circuit Court of Henrico to dissolve this injunction and discharge the receiver, which motion, upon a full hearing of all the facts, the court overruled. And from these two orders, the one granting, and the other refusing to dissolve, the injunction, the case is before this court on appeal.

It is insisted by counsel for appellant that the general creditors' bill filed by L. C. Bristow, trustee, for the purpose of administering the entire estate of Geo. D. Gaines conveyed in the general deed of trust under the orders of the court was sufficient, and that all of the rights of the Home Building Company could have been secured in that suit; and that the suit instituted by the building company was obnoxious to the doctrine which forbids a multiplicity of suits. Counsel for appellees, on the other hand, contend that their large debt was placed in a different position under the general deed of assignment from that occupied by it as a prior lien on specific property, especially as to the application of accruing rents; that the whole scope of the general bill was to administer the trust as set out in the deed of assignment; and that, unless they took some action, their large debt would have been allowed to increase by reason of accruing interest, while the rents of the property securing that debt would have been appropriated under the general deed to other purposes.

The doctrine is well settled that unnecessary suits to admin-

ister the same estate will not be allowed.   Does this proceeding belong to the class of suits forbidden by the rule just stated ?   We think not.   The right to have a receiver appointed to hold rents to supply any deficiency which may exist after sale is made, when the debtor who is personally liable for the deficiency is insolvent, and in this way obtain a specific lien upon the rents to pay such deficiency, is supported by the highest authority.   *Clark* v. *Curtis*, 1 Gratt. 289; *Beverly* v. *Brooke, et als.*, and *Beverly* v. *Scott, et als.*, 4 Gratt. 187; *Bank of Washington* v. *Hupp*, 10 Gratt. 23, 41.

In the case of *Astor* v. *Turner & Skidmore*, 11 Paige (N. Y.), 436, the rule is stated thus: "Where the mortgaged premises will probably be insufficient to pay the amount due upon the mortgage, and the person who is personally liable for the mortgage money is insolvent, the mortgagee, after the mortgage has become due, is in equity entitled to such rents and profits to satisfy the anticipated deficiency; and he may obtain a lien thereon for that purpose by the appointment of a receiver."   See also, High on Receivers, sec. 588, citing *Hamberlain* v. *Marable*, 24 Miss. 586, also sec. 643. There are many authorities to the same effect in the State and Federal reports, but we deem it unnecessary to refer to more. That the Home Building Company then had the right to have the rents of this property applied to its debt cannot be doubted. The only question is as to the mode of doing it.

It is true, as contended by counsel for appellant, that the appellee might have proceeded in the main suit, as he was named as a party to it, and have accomplished all that he did by the injunction suit; but, having taken the proceeding by injunction, and L. C. Bristow, trustee, being in no way injured thereby, and the rights of the company being secured, without damage to the rights of any one else, we see no reason for dismissing the proceeding because some other mode

might have been adopted. Both cases are in the same court, under control of the same judge, who can treat the injunction suit as a petition in the main suit; or can hear the two causes together, which is the more common practice in Virginia, and thus have the entire matter under the same control, to be administered in accordance with the rights of all parties concerned.

For the foregoing reasons we are of opinion that there is no error in the decrees complained of and they must be affirmed.

*On petition for rule and order awarding same.*

On the 11th day of September, 1894, this court sitting at Staunton, Va., upon the petition of L. C. Bristow, trustee, appellant, awarded a rule against E. A. Catlin, president of the Home Building Association, returnable November 8, 1894, to this court at its place of session at Richmond, to show cause, if any he could, why he should not be attached, fined, and imprisoned, for contempt of the order of this court. This rule was executed upon E. A. Catlin, September 20, 1894.

The order allowing the appeal in the case of Bristow, trustee *v.* Home Building Company (Perpetual) now under consideration is in these words: "Appeal allowed and supersedeas awarded. Bond required in the penalty of $100, conditioned as the law directs." The petition asking that the rule be awarded, sets forth that said E. A. Catlin was continuing to control the property placed in his hands by the injunction order, and to collect the rents arising therefrom, in violation of the supersedeas awarded on appeal, and in contempt of this court. It is insisted that the effect of the supersedeas was to overturn the condition of affairs at the time the appeal was allowed, and put the parties back in the condition they were before the injunction was granted and the receiver appointed; and that it was the duty of said E. A. Catlin, after

the supersedeas was awarded, to deliver up the property under his control as receiver to L. C. Bristow trustee.    This construction of the effect of the supersedeas would give it the force, temporarily at least, which a final judgment on the appeal would have.    The very question which the appeal was intended to litigate, would have been disposed of in advance of the hearing, by mere operation of the appeal itself.    We think this is a misapprehension of the effect of a supersedeas in a case like this.   *A supersedeas is only intended to stay further proceedings, to leave matters in the condition it finds them, until the Appellate Court can hear the case and pass on the questions involved in the appeal;* it informs the sheriff that the record has been moved into the appellate court for the correction of errors, and enjoins upon him to give notice to the other party, to appear in the appellate court and answer the complaint in error.    4 Minor's Inst., Part I, page [854]; 1 Rob. Prac. (old ed.), page 660.    A writ of supersedeas is usually awarded to a final judgment at law, or a decree for money, to stop its enforcement until the appellate court can review the errors complained of in the proceeding in which the judgment or decree was rendered.    It leaves the case to stand in *statu quo* until this is done.

The writ of supersedeas in this case required nothing of the lower court, nor the opposite parties, except to appear and have a rehearing.    It made no order against them, and required nothing of them except to forbear all further proceedings until the appellate court had reviewed the decrees complained of.    The receiver, E. A. Catlin, had been appointed as such by competent authority.    He had not been relieved of the responsibility of taking care of the property which had been placed in his hands.    He would have no more right to turn said property over to L. C. Bristow, trustee, after notice of the supersedeas, than to have placed it in the hands of any stranger to the controversy.    It was of the utmost import-

ance to all concerned that the property should be cared for pending the appeal by some suitable and authorized person. It would have been competent for either party to this controversy to have gone into the Circuit Court and ask for the appointment of a receiver, to take charge of the property pending the appeal. See *Moran* v. *Johnston*, 26 Gratt. 108. It would also have been competent for the receiver himself to have applied to said court for its guidance and direction, after notice of the supersedeas, and this would have been the proper course for him to pursue; but, inasmuch as he did no more than he would have been authorized to do by the court, had he made the application, and as no one has been prejudiced by his action in the matter, and it is admitted at the bar that no contempt was intended, the court is of opinion that said rule should be dischaged, and the petition dismissed.

Affirmed.