THE STATE OF FLORIDA EX REL. MERCHANTS NA-
TIONAL BANK, RELATOR, VS. NOBLE A. HULL,
CLERK, RESPONDENT.—MANDAMUS.

1. The statute (sec. 1655 Rev. Stat.) providing for the sale of per-
sonal property of a perishable nature, or liable to great
deterioration in value, or the cost of keeping same shall be
greatly disproportionate to the value thereof, should be liber-
ally construed, as its purpose is to benefit the parties to the
litigation by preserving a fund in litigation and converting
property liable to a total loss into money and retaining it until
the final disposition of the case.

2. The conversion of property of a perishable nature, or liable to
great deterioration in value, or the cost of keeping the same
greatly disproportionate to its value, into money to remain
until the final termination of the case is not a disposition of
the property in the sense of placing it beyond the control of
the court, but the exercise of the power of preserving a fund
in *custodia legis* until finally disposed of according to law,
and the money arising from the sale takes the place of the
property.

3. A writ of error embraces all matters which the judgment brought
up for review covers, and great care must be observed in de-
termining what is independent and distinct matter not em-
braced within the adjudication. The writ does not of itself
reverse the judgment, and until its propriety is finally deter-
mined by the appellate court, no proceedings can be had in the
trial court that will undo what has been there adjudicated; but
the mere change of the name or character of perishable property
attached, pending a writ of error sued out from a final judg-
ment dissolving an attachment and dismissing the suit will not
undo the decision of the trial court or affect any question con-
nected with the judgment brought up for review.

4. After writ of error and supersedeas from a final judgment dis-
solving an attachment and dismissing the suit have been per-
fected the property attached and still remaining in the hands
of the sheriff may be sold under section 1655 Rev. Stat., pro-
vided the conditions required by said section exist.

This is a case of original jurisdiction.

The facts in the case are stated in the opinion of the court.

*Bisbee & Reinhart*, for Relator.

*A. W. Cockrell & Son*, for Respondent.

MABRY, C. J.:

This is a proceeding by mandamus instituted in this court to compel a clerk of the Circuit Court to grant an order for the sale of personal property seized under writs of attachment, on the ground that the property was perishable, liable to great deterioration in value, and the cost of keeping some of it was greatly disproportionate to its value.

The alternative writ shows that in December, 1895, the Merchants National Bank instituted two suits at law against one Isadore Grunthal, and at the same time writs of attachment were sued out and levied upon certain personal property belonging to defendant, Grunthal, and which is still in the hands of the sheriff. That upon certain issues of fact made by traverse of the attachment affidavits, the court granted an order dissolving and dismissing the writs of attachment, and the Merchants National Bank, during the same term of court, sued out writs of error to this court. That supersedeases were perfected on the writs of error by giving bonds in the amounts and conditioned as prescribed by the Circuit Judge, the condition reciting that "if the said plaintiff shall well and truly pay all costs and damages that may accrue to and be sustained by the defendant, his heirs, executors.

or administrators by reason of issuing of the said writ of error in case the said judgment is affirmed, and shall well and truly abide by and obey the final order and judgment of the Supreme Court of the State of Florida, in respect to the disposition or sale of the personal property on which the said writ of attachment has been levied, then this obligation is null and void, otherwise to be in full force and effect." That after the writs of error were issued and supersedeases were perfected, the Merchants National Bank applied to respondent as clerk, for an order to sell the personal property, on the ground that some of it was perishable in its nature, all of it, except horses and mules, was liable to great deterioration in value, and the cost of keeping the horses and mules was greatly disproportionate to their value, and that respondent refused to make the order, not because the facts stated in the written and sworn application were not true, but solely on the ground that the effect and operation of the writs of error and supersedeases granted thereon vested in the Supreme Court the exclusive jurisdiction over the property pending the writs of error. It also appears that the respondent was acting under the views of the Circuit Judge, that such order could not be made by the clerk pending the writs of error.

Respondent has demurred to the alternative writ, the allegations of which set forth the facts above stated.

As it is made to appear that most of the property now in the hands of the sheriff under the writs of attachment is perishable, and of such a nature as to become a total loss, if not disposed of before the litigation over it can be settled here, and in view of the public interest involved in the question, and the diver-

sity of judicial opinion that may exist in the circuits in reference to it, we have concluded to decide the case at once.

Section 1655 Revised Statutes provides that personal property levied on by attachment shall, unless restored to the defendant, or claimed by a third person, as provided by statute, remain in the custody of the officer who shall have attached the same until disposed of according to law. "But when the property attached shall be of a perishable nature, or liable to great deterioration in value, or the cost of keeping the same shall be greatly disproportionate to the value thereof, the officer who issued the attachment may, in vacation as well as in term time, grant an order for the sale of such property after such notice as to the officer shall seem expedient, and the proceeds of such sale shall be paid into court, and abide the judgment thereof." This provision in essential particulars was enacted many years ago (Chapter 664, approved February 17th, 1833; McClellan's Digest, p. 114, sec. 19), and its evident purpose was to benefit all parties to the suit by providing for a sale of the character of property mentioned, thereby changing its form simply, retaining the proceeds to be disposed of as the property itself, had it not been sold. 1 Shinn on Attachment and Garnishment, sec. 262. There is some change in the wording of the law as first enacted and as incorporated into the revision, in this, that the original act directed that the property should unless replevied, remain in the hands of the officer until the judgment of the court should have been pronounced, while the revision now in force directs that, unless restored to defendant or claimed as provided by statute, the property shall re-

main in the custody of the officer until disposed of according to law.

The only objection raised by the clerk at the time to making the order was that by reason of the writs of error and supersedeases the matter was removed from his control, and his counsel still insists on this objec tion here.   The contention is, that after the court dissolved and dismissed the attachments, they were no longer pending, and that the supersedeases did not restore them.   A writ of error is in the nature of a new suit in several particulars.   The object of the writ as to review and correct an error of law which was not amendable at common law or cured by the statute of jeofaile, and while it is said it is to be considered as a new suit, it is less an action between the original parties than a question between the judgment and the law.   Allen, Ball & Co. vs. Mayor, etc., 9 Ga. 286, and authorities cited.

The writs of error bring before this court the question of the correctness of the Judge's rulings in dissolving the attachments, and the supersedeases granted have the effect to suspand the delivery of the property attached to the defendant, and keep it in the hands of the sheriff until a decision can be had in this court.   The property in question can not be finally disposed of according to law until after the decision of this court on the writs of error, and the object of the statute was to guard against injury to all concerned by converting perishable property into money, and retaining it until disposed of according to law.   The statute should be liberally construed in furtherance of its beneficial purpose, and our conclusion is, that the writs of error and supersedeases do not prevent a sale of the property conceded to be perishable in nature,

liable to great deterioration in its value and the cost of keeping greatly disproportionate to its value. The conversion of the perishable property into money to remain until the final determination of the case is not a disposition of the property, in the sense of placing it beyond the control of the court, but the exercise of the power of preserving a fund in *custodia legis* until finally disposed of according to law. The money takes the place of the property. In Goddard vs. Ordway, 94 U. S. 672, it was held that where the subject-matter of litigation is the funds in the possession of a receiver, the court below may, notwithstanding a supersedeas, give him requisite orders for their preservation; but it could not place them beyond a decree that might be made in the appellate court.

A writ of error embraces all matters which the judgment brought up for review covers, and great care must be observed in determining what is independent and distinct matter not embraced within the adjudication. The writ of error does not reverse the judgment, and until its property is finally determined by the appellate court, no proceedings can be had in the trial court that will undo what has been there adjudicated. The mere change of the name or character of the property pending the writ of error, necessitated by its perishable nature does not, in our judgment, affect or undo the decision of the court dissolving and dismissing the attachments, and can not possibly change or effect any question connected with the judgment brought here for review.

There is no contention here that the act is void on the ground that it is not competent for the Legislature to confer such power upon a Clerk of the Circuit Court. It will be seen that the provision in section

1655 Revised Statutes was first passed during Florida's territorial existence, and has continued to the present time as a part of our statutory system. The conditions upon which the order of sale can be made, over which the clerk has no control, are prescribed by the statute. The property must be perishable in its nature, liable to great deterioration in value, or the cost of keeping it greatly disproportionate to the value thereof, and when such conditions exist, the direction of the statute is that it should be sold and the proceeds paid into court to abide the final judgment. The provision is of great practical benefit, has long been acted on throughout the State, and to the extent of authorizing the order of sale, when the conditions mentioned actually exist, should be enforced in a proper case. Gough vs. Dorsey, 27 Wis. 119; Fox vs. McDonald, 101 Ala. 51, 13 South. Rep. 416; Bloxham vs. Consumers Electric Light & Street R. R. Co., 36 Fla. 519, 18 South. Rep. 444. There is no question in the present case as to the perishable nature of the property levied on, and the only reason assigned for not making the order was that the cases had been removed to this court, and in consequence thereof there was no power in the clerk to make the order. The reason assigned was not good, in our judgment, and the demurrer must be overruled. It is, therefore, ordered that a peremptory writ of mandamus as prayed for be awarded.