CHARLES N. CARR and ELWOOD B. CARR, *Appellants*, v. MARION MORTGAGE COMPANY, a Corporation, as Trustee, *Appellee*.

En Banc.

Opinion filed April 21, 1930.

*S. V. M. Ray,* for Appellants;

*Redfearn & Ferrell,* for Appellees.

MATHEWS, Commissioner:

Appellants, two of the defendants below, appealed· from a final decree and order confirming sale in foreclosure proceeding. The appeal from final decree was not made to operate as a supersedeas until after sale and confirmation thereof.

It was suggested that the court below seeks to: (1) Issue writ of assistance to dispossess appellants, (2) Issue rule *nisi* on appellants to show cause why they should not be adjudged in contempt for not complying (pending appeal) with certain conditions of one of the supersedeas bonds, (3) appoint a receiver for the collection of rents pending appeal.

Writ of prohibition was prayed.

Rule was issued, directed to the lower court and appellee to show cause why writ of prohibition should not issue.

The court below in answer to the rule suggested that it was without jurisdiction to grant the writ of assistance, and was without jurisdiction to grant the rule *nisi* relating

to the contempt proceedings, but had fixed a date for a hearing upon application for the appointment of a receiver of the mortgaged premises and that subpoenas *duces tecum* had been issued returnable to such hearing.

The bill of complaint alleges that the defendant, mortgagors, are insolvent. Appellants are not shown to have assumed or become personally liable for the mortgage indebtedness. The mortgagors, for themselves and their assigns, in and by the mortgage, covenanted and agreed in case of foreclosure, that complainant should be entitled to the appointment of a receiver of the mortgaged property, and of the rents, issues and profits and in the event of such appointment, the rents, issues and profits of the mortgaged property should be deemed and considered a part of the property included in and covered by the mortgage.

The sum decreed to be due complainant on November 6, 1929, was $89,772.80. This amount did not include insurance paid by complainant, solicitor's fees allowed, costs, or unpaid taxes. The property when sold by the master, pursuant to the final decree, brought $40,000.00 on complainant's bid. Sale to the complainant for $40,000.00 was confirmed. *Prima facie,* this is the value of the property.

Where the mortgage pledges the income, rents or profits to the payment of the mortgage debt, the mortgagee is entitled to a receiver upon showing a probable right and danger to that right. Des Moines Gas Co. v. West, 44 Ia. 23; Clark on Receivers, Sec. 962.

"The real effect of an appeal with supersedeas is to suspend the power of the court of original jurisdiction to make any order tending towards an *execution* or *enforcement* of the order or decree appealed from, but it does not interfere with the power of such court to make any order necessary for the preservation of the

funds or property involved in the litigation pending such appeal, when such orders or decrees do not tend towards an *execution* or *enforcement* of the order or decree appealed from or to place the funds or property involved beyond the reach or control of the judgment or decree of the appellate court.'' McKinnon-Young Co. v. Stockton, 53 Fla. 734, 44 So. R. 237; State ex rel. v. Hull, 37 Fla. 579, 20 So. R. 762, Grant v. Phoenix, 121 U. S. 118, 30 L. Ed. 909. See also Carolina Portland Cement Co. v. Baumgartner, decided at the present term.''

A receiver may be appointed after judicial sale, when such appointment is necessary to protect the interests and preserve the rights of the parties to the action. White v. Mackey, 85 Ill. App. 282; Wiltsie on Mortgage Foreclosure, Sec. 594.

A mortgagee is entitled to a receiver where the condition of the mortgage has not been performed and the security is inadequate, unless the defendant in possession will give security to account for the rents and profits. Mahon v. Crothers, 28 N. J. Eq. 567; Johnson v. Tucker, 2 Tenn. Chan. 398.

A strong showing is made for appointment of a receiver of rental property, pending an appeal, when a judicial sale thereof, made to satisfy a mortgage lien thereon stands confirmed for less than one-half of the amount of the mortgage debt. Merrill v. Elam, 2 Tenn. Chan. 513.

Where a mortgage pledges the rents, issues and profits of the mortgaged property to the payment of the mortgage debt, and the property is not worth the amount of the debt and upon appeal supersedeas bond, furnished by defendant obligor in possession of the mortgage property, is not in its terms conditioned upon affirmance of the cause to pay rents and profits to the obligee of such bond, the

court may properly appoint a receiver to take possession of the property, preserve the same and receive the rents and profits therefrom pending the appeal.

After decree confirming sale of real estate to satisfy a mortgage lien thereon and appeal from that decree by the debtor, the court below may appoint a receiver to take possession of and preserve the mortgaged property and receive the rents and profits therefrom pending appeal. Moran v. Johnston (Va.), 26 Gratt. 108; High on Receivers, Sec. 110; Merrill v. Elam, *supra;* Mitchell v. Roland, 95 Ia. 314, 63 N. W. R. 606.

The rule issued herein is dismissed, the defendants discharged therefrom, and writ of prohibition denied.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14533, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the rule heretofore issued in this cause be and the same is hereby dismissed, the defendants discharged therefrom, and the application for writ of prohibition be and the same is hereby denied.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.