PER CURIAM.
This is an appeal by the mortgagor and maker of certain promissory notes from a non-final order appointing a receiver for a mortgaged office building in a mortgage foreclosure action. We conclude that the trial court abused its discretion in appointing a receiver in this case, and, accordingly, reverse the order under review. We reach this result based on the following briefly stated legal analysis.
First, there is no showing on this record that the mortgagor’s three late payments on the ground lease in 1986 in any way endangered the mortgaged fee. Although the subject wraparound mortgage requires that the mortgagor make timely payments of same to the .lessor Southeast Bank, the record is clear that these late payments were all accepted and that no warning or notification was ever issued by the lessor that late payments were no longer acceptable or that the ground lease was in default. This being so, it is clear that this technical default in no way endangered the mortgaged fee.
Second, the subject wraparound mortgage and notes do not, as urged, require the mortgagor to establish an escrow account and to make monthly payments to the escrow account for the payment of taxes and insurance. Although there are elaborate provisions in the subject wraparound mortgage requiring the mortgagor to establish such an account, such provisions are specifically made inapplicable by the subject wraparound mortgage if such an account is also required by a mortgage superior in rank. The record demonstrates that a mortgage superior in rank does indeed require such an account; and, accordingly, the mortgagor herein was not required to establish such an account. Moreover, the subject notes squarely place the obligation on the mortgagee herein to pay all escrows for taxes and insurance. This being so, the mortgagor in no sense placed the mortgaged fee at financial risk in not properly funding the escrow account for taxes and insurance — because the mortgagor was not legally required to do so in the first instance.
Third, there is no showing that the mortgagor’s late payments, if any, on the subject wraparound mortgage placed the mortgaged fee at such financial risk that a receiver was required. The value of the mortgaged property greatly exceeds the mortgage debt by some three million dollars — so that the mortgagee is more than adequately secured by the mortgaged property and surely needs no receiver to secure its interest. Moreover, all agree that the mortgagor is not engaged in any acts of waste with reference to the mortgaged property. Indeed, the mortgagee concedes that the mortgagor has spent $354,897.50 *655 on capital improvements on the mortgaged office building since purchasing the building.
Fourth, notwithstanding a provision in the subject wraparound mortgage providing for the appointment of a receiver “[i]f at any time in the discretion of the [mortgagee a receivership may be necessary to protect the premises,” same is not operative where, as here, the mortgagor is committing no acts of waste on the mortgaged property and its defaults, if any, on the mortgage do not place the mortgaged fee at serious financial risk. Indeed, to appoint a receiver for mortgaged property under these circumstances in advance of a final judgment of mortgage foreclosure represents, in our view, an abuse of discretion by the trial court which is subject to reversal on appeal. Carolina Portland Cement Co. v. Baumgartner, 99 Fla. 987, 128 So. 241 (1930); see also Carr v. Marion Mortgage Co., 99 Fla. 540, 128 So. 12 (1930).
The non-final order under review is reversed and the cause is remanded for further proceedings.