518 So.2d 959 (1988)
TURTLE LAKE ASSOCIATES, LTD., Joseph H. Harman, II, Allan J. Brock, Ben G. Bowen, III, D. Gary Hill, and First Equities Associates-Bh, Appellants,
v.
THIRD FINANCIAL SERVICES, INC., Appellee.
No. BS-408.
District Court of Appeal of Florida, First District.
January 15, 1988.
*960 Benjamin W. Redding and Timothy J. Sloan, of Barron, Redding, Hughes, Fite, Bassett & Fensom, Panama City, for appellants.
James W. Valenti, Jr., and Barry L. Anderson, of Mahoney, Adams, Milam, Surface & Grimsley, Jacksonville, for appellee.
ZEHMER, Judge.
Appellants, Turtle Lake Associates, Ltd., Joseph H. Harman, II, Allan J. Brock, Ben G. Bowen, III, D. Gary Hill, and First Equities Associates-BH, appeal from a non-final order appointing a receiver to take possession of their property and directing the receiver to pay the net profits from the property to the appellee, Third Financial Services. Appellants also appeal the trial court's failure to require either a receiver's bond or a receivership bond. Finding error, we reverse.
Third Financial Services brought suit against all appellants seeking, inter alia, to foreclose two mortgages on property known as Turtle Lake Apartments. Partners of Hawaii XXII (Hawaii), the original owners of Turtle Lake Apartments, entered into these two non-recourse mortgages in order to finance their purchase of the property. Turtle Lake Associates acquired the property from Hawaii, and entered into a non-recourse mortgage in favor of Hawaii and subordinate to Hawaii's mortgages with Third Financial.
On December 29, 1986, Third Financial filed a three-count complaint against Hawaii and its general partners, Turtle Lake and its general partners, and Edwin B. Raskin Company (Raskin). At the time Third Financial filed suit, Raskin was managing the apartment complex pursuant to a contract with Turtle Lake. The complaint sought foreclosure of the mortgages, damages, and possession of funds held by Raskin.
On January 26, 1987, Raskin filed a motion in the trial court seeking direction on who should receive the net proceeds from the apartment complex during the litigation. Attached to this motion was an affidavit by John W. Campbell, Jr., Raskin's vice president. The affidavit set forth the average income from Turtle Lake Apartments, the average operating costs, and the average fee Raskin received for managing the complex. A hearing on Raskin's motion was set for January 30. Third Financial alleges that it learned of this hearing on January 27. On the afternoon of January 28, Third Financial's counsel contacted Turtle Lake's counsel by telephone and advised him that Third Financial would seek the appointment of a receiver during this hearing. Third Financial alleges that it sent Turtle Lake written notice of the hearing on its motion to appoint a receiver; Turtle Lake alleges that it never received this notice.
The hearing on Raskin's motion was not transcribed. Both parties have submitted proposed statements of what transpired at the proceeding. With few exceptions, the parties agree on the facts. At the hearing, Third Financial made an oral motion for the appointment of a receiver. The only evidence presented at the hearing was the affidavit attached to Raskin's original motion, and testimony by Earl Rosser, an officer of Third Financial. Rosser testified about the principal amount of the loan, Turtle Lake's payment history, the amount they were in default, and the amount of late fees due on the loans. The loans themselves, although attached to the complaint, *961 were not placed in evidence during this hearing. Turtle Lake alleges that Rosser did not identify or authenticate the loan documents attached to the complaint. Third Financial alleges that Rosser identified the loan documents, but does not state that they were ever offered in evidence. Turtle Lake offered no evidence, but objected to the appointment of a receiver on the grounds that Third Financial had not requested a receiver in its complaint, had never filed a written motion requesting one, had provided inadequate notice to Turtle Lake that it would request one at this hearing, and had presented insufficient evidence to the court to support the appointment. The two parties did agree that, should a receiver be appointed, Raskin would be acceptable to all parties.
The court appointed Raskin as receiver, and ordered Raskin to pay the net proceeds from Turtle Lake Apartments to Third Financial. The court noted that the appointment of a receiver was specifically provided for in the loan documents, with or without judicial proceedings and with or without prior notice to the mortgagor. The court also reasoned that the appointment of a receiver was within the prayer for general relief in count I of the complaint. The court also stated that, because the complaint had requested immediate possession of the property, Turtle Lake was not prejudiced by a subsequent request for less severe relief. Turtle Lake then moved that both a receivership bond and a receiver's bond be required. The court also denied the motion. The court also denied Turtle Lake's motion to stay the receivership upon Turtle Lake's posting a supersedeas bond. The court has subsequently required Third Financial to post a $25,000 receivership bond.
Appellants first argue that Third Financial was required to prove either that the mortgage provides for the appointment of a receiver or that the value of the property is not sufficient to secure the amount of the indebtedness and that the mortgagor is insolvent. Appellants contend that appellee failed to prove that the mortgages provide for the appointment of a receiver because it never placed the mortgages in evidence. It has been held that a receiver may be appointed without regard to the sufficiency of the security where the mortgage so provides. Smith v. Du Puis, 157 So. 491 (Fla. 1934); Carolina Portland Cement Co. v. Baumgartner, 128 So. 241 (Fla. 1930). Thus resolution of this issue depends on whether the trial court could properly consider the provisions of the mortgages attached to and incorporated into the complaint, but never placed in evidence. Pleadings are not evidence, and since appellants never admitted the authenticity or veracity of the alleged mortgages, the trial court erred in relying on the provisions of documents not in evidence. See Coca-Cola Bottling Co. v. Clark, 299 So.2d 78 (Fla. 1st DCA 1974), cert. dismissed, 301 So.2d 100 (Fla. 1974). Third Financial presented no evidence showing that the value of the property is insufficient to secure the amount of the mortgages. We thus hold that Third Financial otherwise failed to carry its burden of showing entitlement to a receiver.
Appellants next argue that the trial court erred in ordering the receiver to pay over, on a continuing basis, the rents and profits from the apartment complex. We note that the function of a receiver is to preserve and manage the property which is the subject of the litigation. The appointment of a receiver prevents either side from impairing the value of the property in anticipation of losing the suit. Thus, although a receiver may be ordered to pay expenses incurred to maintain the property, and to collect the net rents and profits therefrom pending the outcome of the litigation, it was error to order him to pay over to one of the parties to the litigation money owed by the other party pursuant to the alleged debt which is the subject of the suit. See Baumgartner, 128 So. at 244; Cone-Otwell-Wilson Corp. v. Commodore's Point Terminal Co., 114 So. 232 (Fla. 1927).
Appellants next argue that the trial court erred in failing to require either a receiver's bond or a receivership bond. Although the trial court later required a receivership *962 bond of $25,000 appellants contend that this amount is inadequate. In Belk's Department Store of Miami, Inc. v. Scherman, 117 So.2d 845 (Fla. 3d DCA 1960), the court held that a bond with "good and sufficient surety" should be required on the appointment of a receiver unless exceptional circumstances precluding the need or ability to provide a bond are present in the case. See also Insurance Management Inc. v. McLeod, 194 So.2d 16 (Fla. 3d DCA 1966). No exceptional circumstances preventing Third Financial from posting an adequate bond have been alleged here. The court in Belk also stated that:
a receiver, especially where his duties will consist of or include handling substantial sums of money, should be required to file a bond, with good and sufficient surety, payable to the State of Florida, in an adequate amount to be fixed by the court, conditioned on the faithful performance of his prescribed duties in that office.
117 So.2d at 848; see also Edenfield v. Crisp, 186 So.2d 545 (Fla. 2d DCA 1966). The court clearly erred in not requiring such a bond of Raskin. Should the court choose to appoint a receiver on remand in this case, a receivership bond adequate to indemnify Turtle Lake for any damages it might suffer through the receivership of its property should be required from Third Financial. The receiver should post a bond adequate to cover the damages that will be incurred, if the receiver fails in his duty, by the party who ultimately establishes entitlement to the fund.
REVERSED and REMANDED for further proceedings.
JOANOS and WIGGINTON, JJ., concur.