SHIVERS, Chief Judge.
Appellants, mortgagors and defendants in a mortgage foreclosure action brought by appellees, appeal a non-final order appointing a receiver. We affirm on the first point raised in the initial brief, finding that appellants received ample notice of the receivership hearing, and finding *756 no evidence in the record that appellants or their attorney were prejudiced by the fact that a typographical error in the notice of hearing was not corrected until two days prior to the hearing.
On appellants’ second point, we reverse and remand. In Turtle Lake Associates, Ltd. v. Third Financial Services, Inc., 518 So.2d 959 (Fla. 1st DCA 1988), the mortgagee filed a foreclosure complaint against mortgagor and, at a later hearing, made an oral motion for appointment of a receiver. The trial court granted the motion, noting that the appointment of a receiver was specifically provided for in the mortgages. Although copies of the mortgages were attached to the foreclosure complaint, they were not introduced into evidence at the hearing. This court reversed the appointment, holding “Pleadings are not evidence, and since appellants never admitted the authenticity or veracity of the alleged mortgages, the trial court erred in relying on the provisions of documents not in evidence.” Id. at 961.
In the instant case, appellees argued both at the hearing and in their petition that they had an absolute right to the appointment of a receiver pursuant to paragraph 7 of the mortgages. Appellants objected on the basis that the mortgages themselves had not been introduced into evidence. The trial court overruled the objection and appointed a receiver, taking judicial notice of the mortgages as recorded in the public records of the county, and stating that the mortgages “are in evidence ... in the pleadings.” The trial court should not have been allowed to circumvent the holding in Turtle Lake by taking judicial notice of the documents, since the ability to do so would obviate the necessity of ever introducing public records into evidence and establishing their authenticity. In any event, publicly recorded documents such as deeds and mortgages are not included in the list of matters which must or may be judicially noticed, set out in sections 90.201 and 90.202, Florida Statutes. We therefore hold that appellees failed to carry their burden of showing entitlement to a receiver.
AFFIRMED in part; REVERSED.
JOANOS and WOLF, JJ., concur.