632 So.2d 233 (1994)
BARNETT BANK OF ALACHUA COUNTY, N.A., Appellant,
v.
Michael L. STEINBERG, and Miriam F. Steinberg, His Wife; Prestige Development Group Inc.; and Brenda Smith, Appellees.
No. 93-2608.
District Court of Appeal of Florida, First District.
February 18, 1994.
*234 Lawrence J. Hamilton, II, and William S. Graessle, Holland & Knight, Jacksonville, for appellant.
Jack M. Ross, P.A., Gainesville, for appellees.
PER CURIAM.
Appellant, Barnett Bank (the bank), challenges the trial court's non-final order denying its motion for appointment of a receiver. We affirm.
In 1984, the appellees executed a promissory note in favor of the bank, which was secured by a mortgage on the subject property  a commercial shopping center. The transaction included appellees' assignment of rents and leases to the bank in the event of default.
When it fully matured in December 1992, the loan was in default, prompting the bank to institute foreclosure proceedings. The bank sought appointment of a receiver for the shopping center alleging, as grounds therefore, that the appellees were permitting the property to come into disrepair. After hearing conflicting evidence concerning the alleged incidence of waste, the trial court rejected the bank's assertions and concluded that no waste had occurred. The trial court's findings are supported by the evidence, and we affirm these findings without further elaboration.
The bank also sought to establish entitlement to a receiver based upon the appellees/mortgagors' retention of rents and profits. Thus, the bank cites the following language in the seminal case on appointment of receivers:
Where the rents and profits are expressly made a part of the security, and the mortgagor is receiving them but refusing to apply them to the mortgage debt, which he is allowing to go in default, thus dissipating a part of the security while allowing the debt to increase, a court of equity should appoint a receiver unless the mortgagor makes it clear that the real property covered by the mortgage will sell for enough to pay the debt and charges due the mortgagee and thus affords ample and entirely adequate security.
Carolina Portland Cement Co. v. Baumgartner, 99 Fla. 987, 128 So. 241, 249 (1930).
The evidence does not support appointment of a receiver on this ground. It was undisputed that the appellees had offered to pay the bank the loan interest and net operating income from the shopping center rents, but the bank rejected these offers because acceptance would permit the appellees to continue managing the property. The bank's desire to prevent appellees' continued management, which a bank representative offered as the reason for rejecting the tendered payments, is inconsistent with the trial court's finding that it was market conditions, and not poor management, that had produced the shopping center's financial predicament.
Moreover, we reject the bank's implicit assumption that it was entitled to a receiver simply by virtue of its refusal to accept the tendered payments. Appointment of a receiver is not a matter of right. Rather, it is an extraordinary remedy which must be exercised with caution as it is in derogation of the legal owner's fundamental right to possession of the property. Twinjay Chambers Partnership v. Suarez, 556 So.2d 781 (Fla. 2d DCA 1990); see Edenfield v. Crisp, 186 So.2d 545 (Fla. 2d DCA 1966) (the power *235 to appoint a receiver will not be exercised merely because it can do no harm). In the context of mortgage foreclosure, the purpose of a receiver is to preserve the value of the property that is the subject of the litigation. Turtle Lake Associates, Ltd. v. Third Financial Services, Inc., 518 So.2d 959 (Fla. 1st DCA 1988). Under the circumstances presented, appointment would be inconsistent with the extraordinary nature of receivership as a remedy, and would not advance any recognized purpose of a receiver.
The decision whether to appoint a receiver rested within the trial court's sound discretion, and we do not disturb such decisions absent a clear showing of an abuse of that discretion. Puma Enterprises Corp. v. Vitale, 566 So.2d 1343 (Fla. 3d DCA 1990). Finding no abuse of discretion in this case, we affirm the trial court's refusal to appoint a receiver.
ZEHMER, C.J., and MINER and WOLF, JJ., concur.