756 So.2d 153 (2000)
ANJ FUTURE INVESTMENTS, INC., and Mohamed Ibrahim, Appellants,
v.
Frank ALTER, Appellee.
No. 3D00-424.
District Court of Appeal of Florida, Third District.
March 15, 2000.
Rehearing Denied May 17, 2000.
Greenberg Traurig and Susan Tarbe, Brenda K. Supple and Elliot H. Scherker, *154 Miami; Simon Schindler & Sandberg, Miami, for appellants.
Entin, Margules & Della Fera and Leon R. Margules, Fort Lauderdale, and Christopher W. Prusaski, for appellee.
Before SCHWARTZ, C.J., and GREEN and FLETCHER, JJ.
PER CURIAM.
ANJ Future Investments, Inc. and Mohamed Ibrahim [collectively, ANJ] seek to reverse an order appointing a receiver in foreclosure proceedings. We reverse.
"The appointment of a receiver, as an equitable remedy, is not a matter of right even if the mortgage so provides.... [T]he trial court must balance the mortgagor's right to own and possess its property against the interests of the mortgagee in protecting its security in the property." Seasons Partnership I v. Kraus-Anderson, Inc., 700 So.2d 60, 61 (Fla. 2d DCA 1997); see Barnett Bank of Alachua County v. Steinberg, 632 So.2d 233 (Fla. 1st DCA 1994)(appointment of a receiver is an extraordinary measure which must be exercised with caution as it is in derogation of the legal owner's fundamental right to possession of his or her property). Here, there was no showing on the record that ANJ was wasting the mortgaged property or otherwise subjecting it to serious risk of loss, or that the value of the property was insufficient to secure the mortgage loan. Where there are other less drastic methods to protect Alter's security interest, the appointment of a receiver was an abuse of discretion. Atco Construction & Development Corp. v. Beneficial Savings Bank, F.S.B., 523 So.2d 747 (Fla. 5th DCA 1988); Turtle Lake Assoc. Ltd. v. Third Financial Services, Inc., 518 So.2d 959 (Fla. 1st DCA 1988); see, e.g., Alafaya Square Ass'n, Ltd. v. Great Western Bank, 700 So.2d 38 (Fla. 5th DCA 1997); Sazant v. Foremost Investments, N.V., 507 So.2d 653 (Fla. 3d DCA 1987). Accordingly, we reverse the order appointing a receiver and remand for further proceedings.
Reversed and remanded.