470 So.2d 2 (1985)
THUNDERBIRD, LTD., a Florida Limited Partnership; Thunderbird Management, Inc., a Florida Corporation; Financial Investment Corporation, a Florida Corporation; Philip A. Browning, Jr., and Patricia Browning, Appellants,
v.
GREAT AMERICAN INSURANCE COMPANY, an Ohio Corporation, Appellee.
No. BD-467.
District Court of Appeal of Florida, First District.
January 29, 1985.
Dana G. Bradford II and Michael G. Tanner, Gallagher, Baumer, Mikals, Bradford & Cannon, P.A., Jacksonville, for appellants.
Gerry S. Gibson, Steel Hector & Davis, Miami, for appellee.

ON MOTION TO DISMISS
PER CURIAM.
Appellee has filed a motion to dismiss this interlocutory appeal from an order appointing a receiver of the Thunderbird Hotel during the pendency of the underlying mortgage foreclosure action. Relying primarily on Mann v. Stein, 379 So.2d 978 (Fla. 4th DCA 1980), appellee asserts that an order appointing a receiver is not the type of order contemplated by Rule 9.130(a)(3)(C)(ii) of Florida Rules of Appellate Procedure which permits review of nonfinal orders that determine the "right to immediate possession of property."
In Mann, the court stated that the cause was before it as "an interlocutory appeal from an order of the trial court appointing a receiver for appellee corporation." No further facts were provided. After finding that the order was not an appealable injunction *3 under Rule 9.130, the court held as follows:
Further, the rule provides relief where the issue is the right to immediate possession of property. We think this refers to possession by a party with an adverse interest and not to possession by the court.
Since we do not know the factual circumstances which were present in Mann, we do not dispute the correctness of the judgment as it may be that in some cases appointment of a receiver would not be an order determining the immediate right to possession of property. Furthermore, there may be times when it is logical to construe the rule as not applying to orders which place property in the possession of the court. However, we find that under the facts and circumstances presently before us, the order in question is clearly one for which interlocutory review was intended under the rule. The order instructs the receiver to take exclusive possession of the property and continue to manage and operate the hotel. In addition, appellants are enjoined from interfering with, or in any way disturbing the receiver's control and possession of the property. We conclude that the order is one that determines the right to immediate possession of the subject property and, as such, is an appealable nonfinal order under Rule 9.130(a)(3)(C)(ii). The motion to dismiss is therefore denied.
ERVIN, C.J., and SMITH and NIMMONS, JJ., concur.