509 So.2d 1352 (1987)
FLORIDA REINVESTMENT CORPORATION, a Florida Corporation, Abrahim R. Golshani, and Rahman Golzar, Appellants,
v.
CYPRESS SAVINGS ASSOCIATION, a Florida Savings Association and Sears, Roebuck and Company, Appellees.
No. 4-86-2503.
District Court of Appeal of Florida, Fourth District.
July 22, 1987.
Stephen L. Cook, West Palm Beach, for appellants.
Lawrence M. Kasen of Geiger, Riggs & Freud, P.A., Miami, for appellees.
EN BANC
GLICKSTEIN, Judge.
Appellant/defendant appeals an order of the Palm Beach County Circuit Court, in a foreclosure action. The order granted plaintiff's motion to appoint a receiver for the property which was collateral for a loan from appellee/plaintiff to defendant and for the rents and profits thereon, and appointed the receiver. We hold this court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii), which provides for review of non-final orders that determine the right to immediate possession of property. Further, we recede from State ex rel. Guterma *1353 v. Douglas, 463 So.2d 538 (Fla. 4th DCA 1985), which states to the contrary. Thunderbird, Ltd. v. Great American Insurance Company, 470 So.2d 2 (Fla. 1st DCA 1985), states an order instructing a receiver to take immediate possession of property  as the present order does  is reviewable under the rule mentioned above. We agree with our companion court.
An older opinion of this court, Mann v. Stein, 379 So.2d 978 (Fla. 4th DCA 1980), stated this court did not believe the rule applied when the court, as distinguished from an adverse party, was given possession of the property. Judge Dauksch, who sat as an associate judge, dissented from that view. We believe the dissent was correct.
In our opinion, the owner of the property is deprived of its possession just as surely when a receiver takes possession as when an adverse party does, albeit the property received remains that of the owner during the receivership. Such conclusion is implicit in the recent decision in Boyd v. Banc One Mortgage Corporation, 509 So.2d 966 (Fla. 3d DCA 1987), assuming the question of jurisdiction was considered.
Appellee, Cypress Savings Association, filed a mortgage foreclosure action, on seventeen townhouse units against appellants Florida Reinvestment Corporation, its guarantors Abrahim R. Golshani and Rahman Golzar, and Sears, Roebuck & Co. as possible holder of secured interests in the property. Subsequently, appellee moved for the appointment of a receiver on the basis of information and belief that the units were being rented out to several different individuals per unit, to the detriment of owners of other units and risking damage to the properties; and that the rents were not being used to keep up the property. Appellee then filed an emergency motion for appointment of a receiver. This motion stated the appellant/defendant was receiving rents in violation of the loan documents, and lack of an early hearing could redound to plaintiff's prejudice. The court held a hearing October 6, 1986, and rendered an order appointing a receiver. Appellant filed its present notice of appeal. We affirm.
Properly stated, the issue is not, as appellants would have it, whether the trial court abused its discretion when it appointed a receiver of the property owned by appellant when there was no evidence the property was being subjected to vandalism, misuse and damages. Such a statement fails to reflect the correct test for appointing a receiver for property and rents and profits therefrom in a mortgage foreclosure case. In the instant case, although a factor that should be considered apparently was not  i.e., whether the value of the property alone could cover the entire debt  the burden was on the appellant to offer evidence of this or additional security; and it failed to do so.
The following statement in Carolina Portland Cement Co. v. Baumgartner, 99 Fla. 987, 128 So. 241 (1930) is pertinent:
Where the rents and profits are expressly made a part of the security, and the mortgagor is receiving them but refusing to apply them to the mortgage debt, which he is allowing to go in default, thus dissipating a part of the security while allowing the debt to increase, a court of equity should appoint a receiver unless the mortgagor makes it clear that the real property covered by the mortgage will sell for enough to pay the debt and charges due the mortgagee and thus affords ample and entirely adequate security. Having voluntarily pledged the rents and profits as part of the security, a mortgagor in default who is misapplying them should not be heard to object to their being impounded by the court pending foreclosure proceedings, regardless of his solvency, unless he satisfies the court that the remaining real estate security is entirely adequate, and that there is no equitable need to disturb the possession accorded him by the statute, or gives security to account for such rents and profits. As to the question of insolvency, he should not be heard to say *1354 that while he has specifically pledged the rents and profits, a receiver should not be appointed because he is solvent and has other property upon which the complainant mortgagee could levy an execution. Having expressly given a lien on the rents and profits of the mortgaged property, he has no right to require the mortgagee to look to other property for the enforcement of the payment of the mortgage debt, while he wastes and destroys the security specifically pledged. He has estopped himself from so doing by his written contract, and will not be heard to object to a receivership unless he first assumes and bears the burden of satisfying the court that the corpus of the estate is ample security to protect the rights of the mortgagee, or gives security approved by the court to properly account for such rents and profits.
Id. at 1009-10, 128 So. at 249-50.
To us the above says that while the sufficiency of the property by itself to satisfy the debt is a proper consideration in the trial court's determining whether to appoint a receiver where rents and profits have also been pledged, the burden is on the mortgagor to show the property is sufficient, rather than on the mortgagee to show that it is not sufficient to cover the debt. If we apply the above excerpt to the present circumstances, appellant may not argue that there should be no receiver, if appellant is collecting rents and profits but not applying them to the debt, unless it either shows the value of the property securing the debt covers the entire debt, or provides security, approved by the court, to account for the rents and profits.
We find no subsequent case law showing any change in the law stated in Carolina Portland Cement Co. The law appears to be very much the same today as it was then.
Appellant failed to show that the property alone could sufficiently cover the debt, and did not offer security for the rents and profits. It cannot now come and complain to this court that the appointment of the receiver was based on insufficient facts. Actually, appellant has not discussed the relevant elements, but confined its argument to the risk of property damage and to case law largely less than relevant to the present case.
As to the principles from Polycoat Corporation v. City National Bank of Miami, 327 So.2d 126 (Fla. 4th DCA 1976), which arguably apply here, appellee made adequate allegations, and its motion for appointment of a receiver was supported by business documents and a certain amount of testimony  some of it by appellant's officers. Furthermore, appellee, Cypress Savings Association, made an adequate showing that appellant Florida Reinvestment had defaulted on a mortgage debt; that there were agreed upon provisions for appointment of a receiver and for assignment of rents and profits in the event of default on the mortgage; and that there was income from rents and sales contracts that was not being applied to the debt or the property. Appellant did not attempt to show what was necessary to prevent the appointment of a receiver.
HERSEY, C.J., and DOWNEY, ANSTEAD, WALDEN and GUNTHER, JJ., concur.
STONE, J., concurs specially with opinion.
DELL, J., dissents with opinion.
LETTS, J., concurs with dissent.
STONE, Judge, concurring specially.
I concur in the majority opinion, but write separately to point out that even if the appellant had offered evidence of the adequate value of the property, it would only be one of many potential equitable factors to be considered. A trial judge has broad discretion to grant a motion for appointment of a receiver where there is a provision for doing so in the mortgage, particularly where there is also a collateral assignment. Carolina Portland Cement *1355 Co. v. Baumgartner, 99 Fla. 987, 128 So. 241 (1930). Before a trial court exercises its discretion adverse to the mortgagee in such circumstances, and where there is a likelihood that a default has occurred, the mortgagor must also show a lack of equitable need for the relief requested that will disturb the legal possession of the mortgagor. Carolina Portland Cement Co., 128 So.2d at 250.
DELL, Judge, dissenting.
I respectfully dissent because this court does not have jurisdiction to consider this non-final appeal pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii). In Mann v. Stein, 379 So.2d 978 (Fla. 4th DCA 1980) we held:
The review of non-final orders of lower tribunals is severely limited by the terms of Rule 9.130, Florida Rules of Appellate Procedure. The language of the rule specifically includes an order granting, continuing, modifying or dissolving an injunction; it does not specifically refer to the appointment of or the refusal to appoint a receiver. Further, the rule provides relief where the issue is the right to immediate possession of property. We think this refers to possession by a party with an adverse interest and not to possession by the court. It would have been a simple matter to make the appointment of or the refusal to appoint a receiver a basis for review of a non-final order. This was not done, and we are of the opinion that it was intentional. Accordingly, we decline to take jurisdiction.
Based on this court's decision in Mann, this non-final appeal should be dismissed.