SHIVERS, Judge.
This is an appeal by the defendant/mortgagor of the trial court’s order granting plaintiff’s/mortgagee’s motion for appointment of a receiver. Finding the trial court’s order to be an abuse of discretion, we reverse.
The record in this case indicates that appellee First Federal Savings and Loan Association of Panama City (First Federal) made a series of construction loans totaling over $2,000,000 to appellant B.J. Colley, Jr. (Colley), a Panama City real estate developer, pursuant to a business relationship whereby Colley agreed to use First Federal as his primary source of funding for various development projects. During 1985 and 1986 Colley had two different construction projects proceeding at the same time, for which First Federal had allegedly agreed to disburse funds as needed. Sometime in early 1987 First Federal allegedly refused to continue funding the loans unless Colley would pay First Federal the rents being collected on the already completed units. Claiming that these rents were his only source of income, Colley refused to do so, at which point First Federal allegedly refused to disburse any more funds and construction on the project came to a halt. As a result, Colley filed suit against First Federal seeking compensatory and punitive damages and reformation or cancellation of the mortgages. Subsequent to Colley’s suit, First Federal filed a series of three actions against Colley and various lienholders, seeking to foreclose on its mortgages from him. All four cases were consolidated in the trial court. In connection with the foreclosure action, First Federal filed a motion for appointment of a receiver which, after a hearing, the trial court granted.
Although the appointment of a receiver rests within the discretion of the trial court, Carolina Portland Cement Co. v. Baumgartner, 128 So. 241 (Fla.1930), that discretion is subject to certain guidelines. The supreme court in Carolina Portland, which remains the leading case on the appointment of receivers, pointed out two such guidelines: (1) that a receiver should not be appointed “unless there is a strong reason to believe that the party asking for a receiver will recover,” 128 So. *346 at 248; and (2) that where the rents and profits are expressly made a part of the security, and the mortgagor is receiving rents and profits but refusing to apply them to the mortgage debt while allowing the mortgage to be in default, the court should appoint a receiver unless the mortgagor satisfies the court that the property covered by the mortgage is adequate security for the debt. As to the mortgagor’s burden of showing that the property is sufficient to satisfy the debt, see Florida Reinvestment Corporation v. Cypress Savings Association, 509 So.2d 1352 (Fla. 4th DCA 1987). Another guideline, set out in Polycoat Corp. v. City National Bank of Miami, 327 So.2d 126 (Fla. 4th DCA 1976), is that the motion for a receiver must state “sufficient verified allegations or the necessary pleading predicate” to entitle the movant to appointment of a receiver, and that testimony must be taken in support of the motion. 327 So.2d at 127. See also Perry v. Beckerman, 97 So.2d 860 (Fla.1957) (reversing the appointment of a receiver where there was no evidence presented to support the mortgagee’s allegations. that the property would suffer destruction and deterioration if the mortgagors were left in possession); and Boyd v. Banc One Mortgage Corp., 509 So.2d 966 (Fla. 3d DCA 1987) (reversing the appointment of a receiver where there was no testimony, sworn pleading, or affidavit demonstrating an impairment to the equity of the security).
In light of these authorities and guidelines, we find the appointment of a receiver in this case to be an abuse of discretion. First, appellee’s motion for receiver fails to contain even an allegation that the mortgagee would recover in the foreclosure action, that the rents and profits needed to be collected as security for the mortgages, or that any impairment to the equity would occur without a receiver. The motion alleges only that a receiver is needed to “take charge of the premises” in order to protect them and to make necessary improvements, and that the rents and profits generated from the premises are “additional security” under the terms of the mortgage being foreclosed. Second, appellee offered no proof whatsoever in support of its motion for a receiver. Even assuming the trial court was familiar with the allegations in the foreclosure complaint against Colley, the complaint, as well as the motion for receiver, was unsworn. The appellant, on the other hand, presented an affidavit verifying the allegations of its complaint to reform or cancel the mortgage and testified at the hearing that the value of the properties was almost $600,000 in excess of the debt. Although appellee points out on appeal that appellant admitted on cross-exam that its valuation of the property was higher than the M.A.I. appraisals, no testimony or evidence was presented as to the amount of the M.A.I. appraisals, and no other evidence was presented regarding the value of the properties.
Accordingly, the trial court’s order granting a receiver is reversed and the cause is remanded for further proceedings. In light of the inadequacy of the appellee’s motion for receiver, we note that the appel-lee should be allowed to file an amended motion, if it wishes to do so.
SMITH, C.J., and MILLS, J., concur.