523 So.2d 747 (1988)
ATCO CONSTRUCTION & DEVELOPMENT CORPORATION, Appellant,
v.
BENEFICIAL SAVINGS BANK, F.S.B., Appellee.
No. 87-1921, 87-1922.
District Court of Appeal of Florida, Fifth District.
April 14, 1988.
*748 Richard H. Wall of Hartley & Wall, Orlando, for appellant.
R. Edward Cooley of Shepherd, McCabe & Cooley, Orlando, for appellee.
COBB, Judge.
The issue in this consolidated appeal is whether the trial court properly granted appellee's, Beneficial Savings Bank's (Beneficial), motion for the appointment of receivers in two mortgage foreclosure actions against appellant, Atco Construction (Atco).
In the first case, No. 87-1921, the facts are as follows: Beneficial filed a complaint in June, 1987, seeking to foreclose on a condominium unit based on its claim that Atco failed to make payments required under the note and mortgage since March, 1987. A total of $27,016 plus interest was claimed in the complaint. Beneficial filed a motion to appoint itself as receiver of the rents of the condominium unit on the grounds that:

*749 Plaintiff would show that Defendants have been receiving the rents on the aforementioned mortgaged property, and have not been applying the same to their mortgage payments.
The only witness testifying at the hearing on the motion was a Beneficial employee, Linda Norman. Norman testified that the mortgage had been in default since March, 1987; that the 1986 taxes were unpaid; and that to the best of her knowledge the 1985 taxes were paid by Beneficial. Norman also stated that the surrounding condominium units had been subject to vandalism and destruction, although she had no knowledge of the physical condition of the condominium unit at issue. Norman indicated that to her knowledge there was no hazard insurance on the unit, but that she did not know that for a fact. Norman further testified that she did not know if there was a tenant currently in possession of the unit, and that the latest appraisal of the unit showed a value of $38,000, which matched her opinion as to its value. The president of Atco had previously submitted an affidavit valuing the unit at $45,000.
In Case No. 87-1922, Beneficial sought a foreclosure on another condominium in a different project unrelated to No. 87-1921. Beneficial alleged that the sum of $59,076.62, plus interest, was owed, and that no mortgage payment had been made since March, 1987. Beneficial filed a motion to appoint a receiver in this case, contending as in No. 87-1921 that the defendants had been receiving rents on the property and not applying them to the mortgage payments.
At the hearing on the motion, held immediately after the hearing in No. 87-1921 ended, Linda Norman once again was the only witness. She testified that the payments were due on the property since March, 1987; that to the best of her knowledge the 1986 taxes were unpaid; and that Beneficial paid the 1985 taxes. She estimated that the total balance owed to Beneficial was $54,784. Norman stated that the estimated value of the property was between $75,000 and $80,000. She did not know if the insurance was paid on the property. On cross-examination, Norman indicated that she had driven by the property but had not been inside. She said that to her knowledge there had not been any vandalism in the area, and that she was not aware of any deterioration. She estimated that the approximate rental value of the unit was between $800 and $1,000 per month. An affidavit from the president of Atco reflected a value on the property of $85,000.
The trial court appointed Beneficial as receiver in each case to "collect all rental payments, and to manage the same, from the real property in Orange County, described as follows: ..." The court further directed that the rents from each property be paid directly to Beneficial pending the conclusion of the case, with the monies collected to be applied to the mortgage indebtedness.
On appeal,[1] Atco contends that insufficient evidence was presented to allow for the appointment of a receiver, and that in any event, both mortgages were adequately secured by the property, since the value of each property exceeded the debt owed. Beneficial responds that based on the unpaid taxes and failure to obtain hazard insurance on the property, a receiver was properly appointed in No. 87-1921. Beneficial urges a similar result in No. 87-1922 based on the mortgage default and the delinquent taxes.
*750 In Carolina Portland Cement Company v. Baumgartner, 99 Fla. 987, 128 So. 241 (1930), the Florida Supreme Court held that while the appointment of a receiver rests in the discretion of the trial court, certain guidelines do apply. The court noted that one such guideline is that a receiver should not be appointed "unless there is a strong reason to believe that the party asking for a receiver will recover." 128 So. at 248. The supreme court expressed a second guideline as follows:
Where the rents and profits are expressly made a part of the security, and the mortgagor is receiving them but refusing to apply them to the mortgage debt, which he is allowing to go in default, thus dissipating a part of the security, while allowing the debt to increase, a court of equity should appoint a receiver unless the mortgagor makes it clear that the real property covered by the mortgage will sell for enough to pay the debt and charges due the mortgagee and thus affords ample and entirely adequate security.
128 So. at 249; see also Colley v. First Federal Savings & Loan Assn. of Panama City, 516 So.2d 344 (Fla. 1st DCA 1987).
The burden is on the mortgagor to show the property is sufficient, not on the mortgagee to show that it is not sufficient to cover the debt. Florida Reinvestment Corporation v. Cypress Savings Assn., 509 So.2d 1352 (Fla. 4th DCA 1987). The appointment of a receiver constitutes an abuse of discretion in the absence of a showing that the mortgaged property is being wasted or otherwise subject to serious risk of loss. See Interdevco, Inc. v. Brickellbanc Savings Association, 524 So.2d 1087 (Fla. 3d DCA 1988).
In the instant case, the evidence presented by Beneficial in Case Number 87-1921 only showed that outstanding taxes were owed and that possibly no hazard insurance was obtained for the premises. In Case Number 87-1922, no contention is made that insurance is unavailable. There was no showing in either case of any waste as to the particular unit; in fact, the officer from Beneficial did not even know the physical condition of either unit. Additionally, the testimony of both the Beneficial officer and of Atco's president showed that the value of each property was above the mortgage debt owed. While the mortgages provide for assignment of the rents, there is no reference in the record to any provision in the mortgage for the appointment of a receiver. Indeed, the mortgage and note were not introduced at either hearing, with their appearance in the record being solely as attachments to the initial complaint. See Turtle Lake Associates, Ltd. v. Third Financial Services, Inc., 518 So.2d 959 (Fla. 1st DCA 1988) (mortgagor seen as failing to carry burden of showing entitlement to receiver where mortgage was not introduced into evidence and only attached to and incorporated into the complaint, with the court determining that the trial court erred in relying on the provisions of those documents). Furthermore, it should be noted that the only argument made in either motion for appointment of a receiver was that rents paid on the premises were not being applied to the mortgage, and this formed the basis for the relief ordered by the trial court. However, no evidence was presented at either hearing as to whether any rents were in fact coming into the premises, with the Beneficial representative testifying that she did not know whether there was a tenant on the premises in case number 87-1921, and not addressing the issue in Case Number 87-1922.
Beneficial's reliance in both cases on Smith v. State Life Insurance Company, 114 Fla. 371, 153 So. 842 (1934), is misplaced. In its summary opinion in Smith, the court indicated that while the appointment of a receiver was proper based on unpaid taxes for two years, the property involved therein was also in great need of repairs to prevent deterioration. In the instant case, no deterioration of either property has been shown; thus, even assuming the speculative testimony regarding the unpaid taxes is correct, the standard outlined in Smith is not present.
Beneficial attempts to justify its appointment as receiver in both cases by raising, *751 for the first time in its answer brief, section 697.07, Florida Statutes (1987), which allows for a court to require the mortgagor to deposit rents in the registry of the court pending adjudication of the mortgagee's rights to the rent.[2] Any relief on this basis is improper, since this relief was never sought in the trial court as a basis for the court's retaining the rents. In fact, the statute was not in effect until after the order was entered in this case.
The trial court ruled improperly in appointing Beneficial as the receiver for the two mortgaged properties, since Beneficial failed to show either a waste of the properties or any impairment of the security. Accordingly, the orders entered below are
REVERSED.
SHARP, C.J., and DAUKSCH, J., concur.
NOTES
[1] Atco has taken this nonfinal appeal pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii), which provides for review of nonfinal orders which determine the right to immediate possession of property. See Florida Reinvestment Corporation v. Cypress Savings Association, 509 So.2d 1352 (Fla. 4th DCA 1987); Thunderbird, Ltd. v. Great American Insurance Company, 470 So.2d 2 (Fla. 1st DCA 1985). In both those cases, however, the orders provided for the receiver to take possession of the property and manage it. In the instant case, the orders only provide for the rental payments to be made directly to Beneficial. While falling under a literal reading of the rule, we doubt that the harm imposed on the defendant here is the type which requires an immediate interlocutory appeal, since the only property "possessed" is in the form of money.
[2] Section 697.07, Florida Statutes (1987), effective October 1, 1987, provides as follows:

697.07 Assignment of rents.  A mortgage may provide for an assignment of rents. If such assignment is made, such assignment shall be absolute upon the mortgagor's default, becoming operative upon written demand made by the mortgagee. Upon application by the mortgagee, a court of competent jurisdiction may require the mortgagor to deposit such rents in the registry of the court pending adjudication of the mortgagee's right to the rents, any payments therefrom to be made solely to protect the mortgaged property and meet the mortgagor's lawful obligations in connection with the property. Any undisbursed portion of said rents shall be disbursed in accordance with the court's final judgment or decree.