556 So.2d 781 (1990)
TWINJAY CHAMBERS PARTNERSHIP, a Florida General Partnership, Appellant,
v.
Josephine Cagnina SUAREZ, a/K/a Josephine C. Suarez, a/K/a Josephina Cagnina Suarez, Josephine Cagnina Suarez, As Personal Representative of the Estate of Jose N. Suarez, Evis M. Suarez, a/K/a Evis Suarez, Frank Torregiante, Jr., a/K/a Frank Torregiante, and Vivian T. Gentile, a/K/a Vivian Gentile, Appellees.
No. 88-00388.
District Court of Appeal of Florida, Second District.
February 9, 1990.
Nancy G. Farage of Freedman & Farage, P.A., and William Knight Zewadski of Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, Tampa, for appellant.
Thomas C. Little of Thomas C. Little, P.A., Clearwater, for appellees.
SCHEB, Judge.
Appellant, Twinjay Chambers Partnership, as assignee of a third mortgage and note, brought suit to foreclose after the appellees defaulted. The appellant then sought appointment of a receiver which was denied by the trial court after an evidentiary hearing. This appeal from the trial court's nonfinal order ensued.
The Florida Rules of Appellate Procedure regarding review of nonfinal orders do not specifically provide for review of an order granting or denying a request to appoint a receiver. However, Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii) does provide for review of nonfinal orders which determine the "right to immediate possession of property." Thus, our sister courts have held that an appeal will lie where a receiver is appointed and not only has the right to manage property but also the right of immediate possession. See Florida Reinvestment Corp. v. Cypress Sav. Ass'n, 509 So.2d 1352 (Fla. 4th DCA 1987) (en banc) (property owner is deprived of possession just as surely when a receiver takes possession as when an adverse party does); Thunderbird, Ltd., v. Great American Ins. Co., 470 So.2d 2 (Fla. 1st DCA 1985) (appeal from nonfinal order granting receiver possession to the exclusion of the owner was proper under rule 9.130(a)(3)(C)(ii)).
Appointment of a receiver is not a matter of right. Rather, it is an extraordinary remedy which must be exercised with caution as it is in derogation of the fundamental right of the legal owner to possession of the property. Crippin Printing Corp. v. Abel, 441 N.E.2d 1002 (Ind. Ct. App. 1982). Consequently, the rationale for allowing appellate review of a nonfinal order granting the appointment of a receiver has been justified by the receiver obtaining the *782 right to immediate possession of the property.
However, we find that the rationale for allowing a nonfinal appeal where the receiver has obtained possession does not support an appeal from the denial of the appointment of a receiver. See Lee v. Lee, 407 So.2d 366 (Fla. 5th DCA 1981) (declining review by certiorari of order denying appointment of receiver). Because Florida Rule of Appellate Procedure 9.130 does not provide for the availability of appeal regarding the appointment of receivers, any implication of the applicability of rule 9.130 to receivers must be narrowly construed. Here, the trial court merely denied the request to appoint a receiver; consequently, there was no "determination" of the "right to immediate possession of property." See Fla.R.App.P. 9.130(a)(3)(C)(ii). Rather, the court simply found that the mortgagee did not establish an equitable right to appointment of a receiver, despite the provision in the mortgage providing for such an appointment upon default by the mortgagor.
We suggest that the Appellate Rules Committee of the Florida Bar consider whether it would be appropriate to recommend that rule 9.130(a)(3)(C) be amended to set out whether and to what extent orders granting or denying requests to appoint a receiver should be a ground for nonfinal appeal.
Finally, we note that until recently this appeal was stayed pending disposition of the bankruptcy of some of the appellees. More than two years have elapsed since the appellant sought appointment of a receiver in this litigation. Considering the length of time since that initial request, it is unclear whether any such need may now be present.
Accordingly, we dismiss this appeal for lack of jurisdiction, but without prejudice to any renewed application for appointment of a receiver in the trial court.
DANAHY, J., concurs.
CAMPBELL, C.J., dissents with opinion.
CAMPBELL, Chief Judge, dissents with opinion.
I must respectfully dissent. Assuming, as I do, that our colleagues on the fourth district were correct in Florida Reinvestment Corp. v. Cypress Sav. Ass'n., 509 So.2d 1352 (Fla. 4th DCA 1987) (en banc), wherein the court held that an order appointing a receiver to take possession of property is appealable pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii), I must conclude that an order which denies the appointment of a receiver to take possession of property is likewise appealable. In either case, the "right" to the immediate possession of property has been determined. In one instance, the "right" has been determined so as to give a receiver possession of property by taking the possession from someone else. In the other instance, the "right" has been determined by denying the appointment of a receiver to take possession of the property, thereby leaving the property in the possession of the party from whom possession was sought and in effect determining that possessing party's continued right to possess as against the party seeking the appointment of the receiver.