PATTERSON, Judge.
Appellant, Mellon Bank, N.A., pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii), seeks interlocutory review of a trial court order approving leases entered into by a receiver in a foreclosure action. For the reasons stated below we determine that we lack jurisdiction and dismiss this appeal.
Mellon made a construction loan secured by a mortgage upon the office building to be constructed. The loan documents provided that Mellon could take possession of the property upon default. When the loan went into default and Mellon filed suit to foreclose its mortgage, it elected not to exercise this right and moved for the appointment of a receiver. In granting the motion the trial court appointed the receiver Gateway suggested, rather than the receiver Mellon suggested.
Thereafter the receiver moved for the approval of several leases of office space in the building. The trial court’s order of July 14, 1989, which is the subject of this appeal, approved one of those leases and further provided that “said lease shall have priority over the existing mortgage or other interests of plaintiff Mellon Bank ...” It is this provision of the order to which Mellon objects.
The Florida Rules of Appellate Procedure do not specifically provide for the appeal of an order appointing a receiver. See Twinjay Chambers Partnership v. Suarez, 556 So.2d 781 (Fla. 2d DCA 1990). Such orders, however, have been interpreted to be nonfinal orders which determine the “right to immediate possession of property” and thereby are subject to interlocutory review. See Florida Reinvestment Corp. v. Cypress Savings Ass’n, 509 So.2d 1352 (Fla. 4th DCA 1987) (en banc); Thunderbird, Ltd. v. Great American Insurance Co., 470 So.2d 2 (Fla. 1st DCA 1985).
The “immediate possession” of this property passed to the receiver by way of the lower court’s order of April 18, 1989, which specifically authorized the receiver to enter into leases. No appeal was taken from that order. Thereafter the details of the day-to-day activities of the receiver, acting within the general grant of his authority, while subject to plenary appeal at the conclusion of the case, do not fall within the definition of Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii) permitting interlocutory review.
Appeal dismissed.
SCHEB, A.C.J., and PARKER, J., concur.