PETERSON, Judge.
Jerry Lane Rogers appeals the denial of his motion for return of United States currency in the amount of $2,174. We affirm and remand to the trial court for further proceedings. This court has jurisdiction. Florida Reinvestment Corp. v. Cypress Savings Ass’n, 509 So.2d 1352 (Fla. 4th DCA 1987); Fla.R.App.P. 9.130(a)(3)(C)(ii).
Rogers was convicted of robbing a Pub-lix supermarket. Prior to Rogers’ conviction, Sheriff Lawson Lamar obtained a search warrant for Rogers’ residence and seized cash in the amount of $2,174. Pub-lix instituted a replevin action for the cash against the sheriff in 1985. The sheriff counterclaimed, requesting the court to determine whether Publix or Rogers was entitled to the cash, and moved to interplead Rogers as a party. The motion was granted, and Rogers answered Publix’s complaint, alleging he was entitled to possession. He also filed a pleading titled “Counterclaim” that contained confusing allegations which appeared to be directed against the sheriff. The sheriff was ordered to deposit the $2,174 into the registry of the court, but this was never done, and the sheriff indicates that the omission was with the concurrence of the court. Retention of funds by a trustworthy person in an action in interpleader is not unusual and avoids the clerk’s fees. The order of interpleader adding Rogers also dropped the sheriff as a party.
Meanwhile, Debra Rogers, appellant’s former spouse, corresponded with the court, asserting her claim and her children’s claim to the funds. The court responded to Debra Rogers’ letter by corresponding to her and to all parties, advising them that an order allowing her intervention would be entered in the absence of objections; the record does not contain such an order or any objections.
Further confusion appears in the record with the filing on leave of court on January 11, 1988, of an amended complaint by Pub-lix against Rogers for theft and conversion. Next, a default was entered against Debra Rogers in favor of Publix, a most confusing event since she was not named in Pub-lix’s amended complaint and since the record does not show that she was served with a summons. On April 18,1989, Publix filed a notice of voluntary dismissal and served notice on all parties, including Debra Rogers. Then, on June 14, 1989, Rogers filed his motion for return of United States currency, serving the sheriff and Publix, but omitting Debra. The court denied the motion on June 26, 1989, and Rogers appeals that order.
Our analysis of the record indicates that there is still pending in this case the amended complaint of Publix, the sheriff’s counterclaim, and Rogers’ counterclaim. Publix’s amended complaint is still pending notwithstanding its attempt to dismiss. Because Rogers and the sheriff had filed counterclaims, Publix could not unilaterally dismiss the complaint without an or *216 der of court. Fla.R.Civ.P. 1.420(a)(2). Although the sheriff was dropped as a party from Publix’s original complaint and was not named as a defendant in the amended complaint, he is still a party to the action since he retains the funds for the benefit of the eventual winner and since his counterclaim against Publix is still pending. Also, the sheriff remains a defendant in Rogers’ counterclaim. The sheriff responded to the counterclaim by moving to dismiss it, but the record shows that only portions of it were stricken.
Rogers’ failure to serve Debra when applying to the court for an order awarding the cash is reason enough to affirm the trial court’s order of denial. While the trial court had not yet entered a written order allowing her intervention, the written assertion of her claim, the absence of objections, and the court’s commitment in a letter to all parties to allow intervention require that she be apprised of a hearing disposing of the cash in which she claimed an interest. The confusion generated by the state of the pleadings lends additional support to the denial. We would also point out that, except for the claim of Debra Rogers, the labor of the many persons involved in this action may have been eliminated or reduced if the state had requested that the trial court having jurisdiction of the criminal proceedings against Rogers order restitution in favor of the crime victim pursuant to section 775.089, Florida Statutes.
AFFIRMED and REMANDED.
DAUKSCH and COBB, JJ., concur.