584 So.2d 76 (1991)
FEDERAL HOME LOAN MORTGAGE CORP., a corporate instrumentality of the United States of America, Appellant,
v.
Ronald S. MOLKO, Appellee.
Nos. 91-668, 91-670.
District Court of Appeal of Florida, Third District.
July 23, 1991.
Portes, Sharp & Hermelee and Joshua D. Lerner, Miami, for appellant.
Carey, Dwyer, Eckhart, Mason & Spring and Rhea P. Grossman, Miami, for appellee.
Before HUBBART, BASKIN and COPE, JJ.
PER CURIAM.
The mortgagee Federal Home Loan Mortgage Corporation appeals from an interlocutory trial court order which denied its motion (1) to appoint a receiver to take possession of and manage certain mortgaged property of the mortgagor Ronald S. Molko after a conceded failure to make the required mortgage payments, and (2) to require the mortgagor Ronald S. Molko to assign all rents collected on the mortgaged property to either the court-appointed receiver or the court registry. We affirm in part and reverse in part.
*77 First, we conclude that the order under review determines a party's right to the immediate possession of both the mortgaged property and rents collected under the mortgage; the order concludes that the mortgagor Ronald S. Molko has the right to the immediate possession of both items of property. This being so, it is plain that such order is an appealable interlocutory order under Fla.R.App.P. 9.130(a)(3)(C)(ii) [promulgated pursuant to Art. V, § 4(b)(1), Fla. Const.] allowing review by this court of an interlocutory circuit court order which "determine[s] ... [the] right to immediate possession of property." Without dispute, an order granting a motion to appoint a receiver and assign rents is appealable under the above rule. Interdevco, Inc. v. Brickellbanc Sav. Ass'n, 524 So.2d 1087, 1088 n. 1 (Fla. 3d DCA 1988); Florida Reinvestment Corp. v. Cypress Sav. Ass'n, 509 So.2d 1352 (Fla. 4th DCA 1987) (en banc); Thunderbird, Ltd. v. Great American Ins. Co., 470 So.2d 2 (Fla. 1st DCA 1985). We are not persuaded by the Second District's reasoning that this result should be any different when, as here, the order denies a motion to appoint a receiver and assign rents, Twinjay Chambers Partnership v. Suarez, 556 So.2d 781 (Fla. 2d DCA 1990). In both instances, the trial court has passed upon a party's right to immediate possession of property  disturbing the right of possession in one instance and leaving undisturbed the right of possession in the other instance. We, accordingly, adopt entirely the legal reasoning and result of Judge Campbell's dissent in Twinjay.
Second, we conclude, contrary to the Federal Home Loan Corporation's argument, that the proofs below established that the market value of the mortgaged property exceeds the mortgage debt and charges due under the mortgage. The mortgagor Ronald C. Molko, as the owner of the mortgaged property, was entitled to give his opinion as to market value of such property. First Interstate Dev. Corp. v. Ablanedo, 476 So.2d 692 (Fla. 5th DCA 1985), quashed in part on other grounds, 511 So.2d 536 (Fla. 1987); Hill v. Marion County, 238 So.2d 163 (Fla. 1st DCA 1970); Harbond, Inc. v. Anderson, 134 So.2d 816 (Fla. 2d DCA 1961). This testimony, which the trial court accepted, places the market value of the mortgaged property at $5,000,000  which is far more than the mortgage debt and charges due on the property. This being so, the trial court committed no error in refusing to appoint a receiver for the mortgaged property  notwithstanding the mortgagor Molko's failure to apply the rents collected on the mortgaged property to pay for overdue mortgage payments, as required by Molko's prior agreement to assign such rents to pay for said mortgage payments. Carolina Portland Cement Co. v. Baumgartner, 99 Fla. 987, 128 So. 241, 249-50 (Fla. 1930); Colley v. First Fed. Sav. & Loan Ass'n of Panama City, 516 So.2d 344 (Fla. 1st DCA 1987).
Third, we conclude that the trial court erred in refusing to order the mortgagor Ronald S. Molko to assign the rents collected on the mortgaged property to the registry of the court. Section 697.07, Florida Statutes (1989), provides that a mortgage may provide, as here, for an assignment of rents, and that if so, the "assignment shall be absolute upon the mortgagor's default, becoming operative upon written demand by the mortgagee." In the instant case, the mortgagor Ronald S. Molko has failed to make required payments due under the mortgage; the mortgagee Federal Home Loan Corporation has made a written demand for the rents from the property; and Molko has failed to honor this demand. This being so, the mortgagee Federal Home Loan Corporation has an absolute right to the assignment of rents under the mortgage based on the above statute  which, at a minimum, requires that Molko be ordered to deposit the rents from his mortgaged property into the registry of the court to pay for the overdue mortgage payment as requested below. Executive Square Ltd. v. Delray Executive Square, Ltd., 546 So.2d 434 (Fla. 4th DCA), rev. denied, 554 So.2d 1167 (Fla. 1989); In re 163rd Street Mini Storage, Inc., 113 B.R. 87 (Bankr.S.D.Fla. 1990).
The interlocutory order under review is affirmed insofar as it denies Federal Home *78 Loan Mortgage Corporation's motion for the appointment of a receiver, and is reversed insofar as it denies Federal Home Loan Mortgage Corporation's motion for assignment of rents  and the cause is remanded to the trial court with directions to order Ronald S. Molko to deposit all rents collected from the mortgaged property into the registry of the court to pay for the overdue mortgage payments.
Affirmed in part; reversed in part.
HUBBART and COPE, JJ., concur.
BASKIN, Judge, (dissenting).
I dissent from the majority opinion insofar as it concludes that the order denying the Federal Home Loan Mortgage Corporation's motion to appoint a receiver and to assign rents is an appealable non-final order under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii).
Rule 9.130(a)(3) provides that "[r]eview of non-final orders of lower tribunals is limited to those which: ... (C) determine: ... (ii) right to immediate possession of property... ." Contrary to the majority's assertion, the order appealed from determines that Molko has the right to continued, rather than immediate, possession of his property. An order granting a motion to appoint a receiver is appealable under this rule because it instructs "the receiver to take exclusive possession of the property and continue to manage and operate" the property. Thunderbird, Ltd. v. Great American Ins. Co., 470 So.2d 2, 3 (Fla. 1st DCA 1985); M.R.D. Properties, Ltd. v. Shangri-La Resorts II, Inc., 546 So.2d 35 (Fla. 3d DCA 1989); Interdevco, Inc. v. Brickellbanc Sav. Ass'n, 524 So.2d 1087, 1088 n. 1. (Fla. 3d DCA 1988); Florida Reinvestment Corp. v. Cypress Sav. Ass'n, 509 So.2d 1352 (Fla. 4th DCA 1987). In Twinjay Chambers Partnership v. Suarez, 556 So.2d 781 (Fla. 2d DCA 1990), the second district held that rule 9.130(a)(3)(C)(ii) is not triggered by the denial of a request to appoint a receiver or to assign rents. The Twinjay court concluded that there is no "`determination' of the `right to immediate possession of property'" as the trial court merely determined that the mortgagee did not establish an equitable right to such an appointment. Twinjay, 556 So.2d at 782 (emphasis supplied); see Mellon Bank, N.A. v. Gateway, Ltd., 566 So.2d 870 (Fla. 2d DCA 1990) (immediate possession passes to receiver upon appointment permitting interlocutory review under 9.130(a)(3)(C)(ii)). I agree with that analysis. The committee notes to rule 9.130(a)(3)(C)(ii) provide an example of the rule's application: the notes state that the rule "applies to such cases as condemnation suits where a condemnor is permitted to take possession and title to real property in advance of final judgment." Committee Notes, Fla.R.App.P. 9.130(a)(3)(C)(ii) (emphasis supplied); Crigger v. Florida Power Corp., 469 So.2d 941 (Fla. 3d DCA 1985). An order denying the appointment of a receiver does not disturb possession prior to the final judgment. Accordingly, where, as here, the trial court's order does not deprive a party of the possession of property, rule 9.130(a)(3)(C)(ii) may not be invoked as a vehicle for obtaining interlocutory review.
For these reasons, I would dismiss the appeal for lack of jurisdiction.