WIGGINTON, Judge.
Appellant, Howard Savings Bank [Bank], appeals 12 final judgments entered against garnishee tenants of Cedar Hills Shopping Center as well as the trial court’s order denying appellant’s motion to dissolve the writs of garnishment issued pursuant to those judgments. We reverse and remand.
On January 10, 1990, appellee, Eastern Federal Corporation, obtained a money judgment against Cedar Hills Properties Corporation [Cedar Hills], the owner/landlord of the Cedar Hills Shopping Center. For satisfaction of those judgments, beginning on September 27, 1991, appellee caused to be served writs of garnishment upon the various tenants of the shopping center in an effort to garnish the rents being paid to Cedar Hills Properties Corporation. After the trial court denied appellant Bank’s motion to dissolve those writs, final judgments were entered against the tenants in appellee’s favor.
Meanwhile, in May 1991, Cedar Hills had defaulted on a mortgage given by it to appellant Bank. The mortgage agreement contained an assignment of rents clause that could be activated upon default under the mortgage. On July 23, 1991, the Bank had provided written notice to Cedar Hills of the enforcement of the assignment of rents clause.
Section 697.07, Florida Statutes (1989) provides that if a mortgage contains an assignment of rents clause, “such assignment shall be absolute upon the mortgagor’s default, becoming operative upon written demand made by the mortgagee.” Since, pursuant to that statute, the assignment of rents to appellant Bank became absolute and operative by July 23, 1991, appellant’s interest in the rents is a superi- or interest to appellee’s later filed writs of garnishment. Thereupon, the trial court’s order on the motion to dissolve the writs of garnishment is reversed, as are the consequent final judgments entered against the 12 garnishee tenants. This cause is remanded with directions that the trial court enter an order dissolving the writs of garnishment. See Citizens and Southern National Bank v. Federal Deposit Insurance Corporation, 602 So.2d 691 (Fla. 4th DCA 1992); Federal Home Loan Mortgage Corporation v. Molko, 584 So.2d 76 (Fla. 3d DCA 1991); Oakbrooke Associates v. Insurance Commissioner, 581 So.2d 943 (Fla. 5th DCA 1991).
REVERSED and REMANDED with directions.
KAHN and MICKLE, JJ., concur.