*940
 
 COPE, J.
 

 This is an appeal of a non-final order which denied a motion to appoint a receiver. We conclude that the motion should have been granted and remand for further proceedings.
 

 KeyBank National Association (“the lender”) made a mortgage loan on property in Key West, Florida, owned by Knuth, Ltd., Scott M. Sutter, and The Scott Sut-ter Trust U/A 11/18/03 (“the borrowers”). The borrowers have defaulted and the outstanding principal and interest is approximately $2 million.
 

 The property consists of rental units. In January, 2009, the trial court entered an order enforcing the assignment of rents clause which is contained in the mortgage. The order was effective as of December 15, 2008. The court ordered that (a) the rents could only be used to maintain and operate the property; (b) any excess was to be deposited in the registry of the court; and (c) a complete and full accounting was to be provided monthly to the court and the lender.
 

 In March, 2009, the lender filed a verified emergency motion for appointment of receiver.
 
 See
 
 Fla. R. Civ. P. 1.620. The trial court conducted a hearing and denied the motion. The lender has appealed.
 
 See
 
 Fla. R.App. P. 9.130(a)(3)(D). .
 

 At the hearing it was undisputed that the borrowers had not complied with the order enforcing assignment of rents. The borrowers had not deposited any of the rents into the registry of the court and had not provided an accounting. By the time of the hearing, over three months had passed since the December 15, 2008 effective date of the order enforcing the assignment of rents.
 

 “A receiver will not be appointed unless certain requirements are met. First, the party seeking a receiver must show that there is a substantial likelihood that it will prevail on the merits at the conclusion of the case.” Manuel
 
 Farach, Florida Real Estate
 
 § 28:9 (2008) (citing
 
 Colley v. First Fed. Sav. & Loan Ass’n,
 
 516 So.2d 344, 345 (Fla. 1st DCA 1987)). That requirement is met here, for it is undisputed that the mortgage is in default and the borrowers did not show any meritorious defense in the proceedings below.
 

 “If the rents and profits are pledged as additional security, then not using the rents and profits to pay the mortgage is a basis for appointment of a receiver.” Manuel Farach, Florida Real Estate § 28.9 (citing
 
 Carolina Portland Cement Co. v. Baumgartner,
 
 99 Fla. 987, 128 So. 241, 248 (1930));
 
 Colley,
 
 516 So.2d at 345-46. In this case, the rents and profits are pledged as additional security. The borrowers have not obeyed the order enforcing the assignment of rents.
 

 The Florida Supreme Court has said:
 

 Where the rents and profits are expressly made a part of the security, and the mortgagor is receiving them but refusing to apply them to the mortgage debt, which he is allowing to go in default, thus dissipating a part of the security while allowing the debt to increase, a court of equity should appoint a receiver unless the mortgagor makes it clear that the real property covered by the mortgage will sell for enough to pay the debt and charges due the mortgagee and thus affords ample and entirely adequate security. Having voluntarily pledged the rents and profits as part of the security, a mortgagor in default who is misapplying them should not be heard to object to their being impounded by the court pending foreclosure proceedings, regardless of his solvency, unless he satisfies the court that the remaining real estate security is entirely adequate, and that there is no equitable need to disturb the possession
 
 *941
 
 accorded him by the statute, or gives security to account for such rents and profits.
 

 Carolina Portland Cement Co.,
 
 128 So. at 249-50 (emphasis added);
 
 Barnett Bank of Alachua County, N.A. v. Steinberg,
 
 632 So.2d 233, 234 (Fla. 1st DCA 1994);
 
 Florida Reinvestment Corp. v. Cypress Sav. Ass’n,
 
 509 So.2d 1352, 1354 (Fla. 4th DCA 1987) (en banc);
 
 Colley,
 
 516 So.2d at 346.
 

 The lender in this case carried its burden. The borrowers failed to show that the real property covered by the mortgage would sell for enough to pay the debt and charges. Alternatively, the borrowers did not provide “security approved by the court, to account for the rents and profits.”
 
 Florida Reinvestment,
 
 509 So.2d at 1354.
 

 The trial court reasoned that the motion to appoint a receiver was premature, because earlier in the same hearing, the court had issued an order to the borrowers to show cause why they should not be held in contempt for failing to comply with the order enforcing the assignment of rents. The show cause order was to be returnable at a future date. While a show cause order was perfectly appropriate in light of the borrowers’ noncompliance, the case law cited above explains that on the showing made here, a receiver should have been appointed.
 

 The trial court also commented that “no admissible evidence was tendered to the Court demonstrating that the present value of the property is insufficient to meet Plaintiffs claims.” The lender correctly points out that this places the burden on the wrong party. As stated in the cases cited above, the burden is on the borrowers to demonstrate that the value of the property is sufficient to pay the debt and charges due to the lender. The motion for a receiver should have been granted. In light of the foregoing, we need not address the lender’s additional argument that the borrowers are committing waste by allowing city-imposed fines to accumulate on the property.
 

 For the stated reasons, we reverse the order now before us and remand with directions to grant the motion to appoint a receiver. This ruling is effective immediately, and will not be delayed by the filing of a motion for rehearing or other postcle-cision motion.