# Third District Court of Appeal

## State of Florida

Opinion filed April 26, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-300
Lower Tribunal No. 14-30412
_____


**Jorge Rios,**
Appellant,

vs.

**Miami's Garage, Inc., a Florida Corporation, and Professional Lien
and Title Service Corp., a Florida Corporation,**
Appellees.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Law Offices of Yoder & Ohanian, LLC, and Sebastian Ohanian, for appellant.

Richard Lorenzo, for appellees.


Before LAGOA, SALTER, and FERNANDEZ, JJ.

ON MOTION TO DISMISS

LAGOA, J.

Jorge Rios ("Rios") appeals from a non-final order denying his motion for summary judgment. Appellees, defendants below, Miami's Garage, Inc. ("Miami's Garage"), and Professional Lien and Title Service, Corp. ("Professional Lien") (collectively "Defendants"), move to dismiss the appeal for lack of jurisdiction. We grant the motion and dismiss the appeal.

I.  FACTUAL AND PROCEDURAL HISTORY

Rios filed an action against Defendants for the purported taking and titling of a Lamborgini. The parties agree that Rios and Miami's Garage entered into an agreement to repair the vehicle. The parties do not agree on what occurred next. Rios asserted that Miami's Garage ceased working on the vehicle over a dispute about the amount of time the repairs were taking and Miami's Garage asserted that Rios was responsible for supplying the parts to repair the vehicle but failed to do so. Both parties agree that Miami's Garage hired Professional Lien to place a lien on the vehicle and to auction the vehicle at a public auction. Because no bids were made on the vehicle in excess of the lien amount, Miami's Garage prevailed on the lien claim. Following the auction, Professional Lien made an application for title to the vehicle, which was subsequently approved in the name of Miami's Garage.

Rios and the Defendants filed cross-motions for summary judgment. A hearing was held on the cross-motions and the trial court entered an order that

stated: "Plaintiff's motion for summary judgment . . . is denied [and] Defendants' cross motion for summary judgment is taken under advisement." This appeal ensued.

II.   ANALYSIS

Defendants move to dismiss this appeal as taken from a non-final, non-appealable order. In response to the motion to dismiss, Rios contends that the trial court's order is an appealable order because it denies him immediate possession of property under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii).

We are unpersuaded by Rios's argument, as the trial court's order did not determine that any party was entitled to immediate possession of the vehicle. See Profile Invs., Inc. v. Delta Prop., Inc., 957 So. 2d 70 (Fla. 1st DCA 2007) (dismissing appeal of order as non-final and non-appealable where "order [did] not directly determine the immediate right to possession of property"); cf. Thunderbird, Ltd., v. Great Am. Ins. Co., 470 So. 2d 2, 3 (Fla. 1st DCA 1985) (denying motion to dismiss appeal and finding that interlocutory order that ordered receiver to take exclusive possession of property was an appealable non-final order pursuant to Rule 9.130(a)(3)(C)(ii)). Indeed, the order merely denies Rios's motion for summary judgment and reserves ruling on Defendants' motion for summary judgment. An order denying a motion for summary judgment does not fall within any of the categories as appealable, non-final orders set forth in Rule

3

9.130(a)(3).[1]  See Taggart v. Morgan, 943 So. 2d 250 (Fla. 3d DCA 2006).

Accordingly, we dismiss the appeal for lack of jurisdiction.

_____

[1] Rule 9.130(a)(3) permits review of non-final orders that:
    (A) concern venue;
    (B) grant, continue, modify, deny, or dissolve injunctions, or refuse to modify or dissolve injunctions;
    (C) determine
        (i) the jurisdiction of the person;
        (ii) the right to immediate possession of property, including but not limited to orders that grant, modify, dissolve or refuse to grant, modify, or dissolve writs of replevin, garnishment, or attachment;
        (iii) in family law matters:
            a. the right to immediate monetary relief;
            b. the rights or obligations of a party regarding child custody or time-sharing under a parenting plan; or
            c. that a marital agreement is invalid in its entirety;
        (iv) the entitlement of a party to arbitration, or to an appraisal under an insurance policy;
        (v) that, as a matter of law, a party is not entitled to workers' compensation immunity;
        (vi) whether to certify a class;
        (vii) that, as a matter of law, a party is not entitled to absolute or qualified immunity in a civil rights claim arising under federal law;
        (viii) that a governmental entity has taken action that has inordinately burdened real property within the meaning of section 70.001(6)(a), Florida Statutes;
        (ix) the issue of forum non conveniens;
        (x) that, as a matter of law, a party is not entitled to immunity under section 768.28(9), Florida Statutes; or
        (xi) that, as a matter of law, a party is not entitled to sovereign immunity.
    (D) grant or deny the appointment of a receiver, and terminate or refuse to terminate a receivership.

4

Appeal Dismissed.